UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTHA WEBB, SCOTT LEWIS, CHARLES FANNIN, CONO MARCHIONNO and RENEE PAGE, | : : : : | CIVIL ACTION FILE NO. 5:11-CV-106 |
| Plaintiffs, | : : | |
| vs. | : : : | FLSA COLLECTIVE ACTION |
| CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and GEORGIA CVS PHARMACY, L.L.C., | : : : : | JURY TRIAL DEMANDED |
| Defendants. | | |

## COMPLAINT

Plaintiffs file this action against CVS Caremark Corporation ("CVS Caremark"), CVS Pharmacy, Inc. ("CVS Pharmacy") and Georgia CVS Pharmacy, L.L.C. ("Georgia CVS" and, together with CVS Caremark and CVS Pharmacy, "CVS" or "Defendants"), on behalf of themselves and all other current and former employees who are similarly situated who consent to join as Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for unpaid overtime compensation, liquidated damages, and reasonable costs of litigation, including attorneys' fees.

## JURISDICTION AND VENUE

1.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and §1337 and 29 U.S.C. § 216(b).

2.

Venue is appropriate in this judicial district under 28 U.S.C. §1391. Venue is proper in the Macon division of this judicial district under Local Rule 3.4 because, as alleged below, Plaintiffs Martha Webb and Scott Lewis reside in the Macon division of this judicial district, Plaintiff Martha Webb worked as a store Manager for Defendants within the Macon division and asserts claims that derive in part from her employment by Defendants within the Macon division, and Defendants own and operate CVS stores located within the Macon division.

## PARTIES

3.

Plaintiff Martha Webb resides in Milledgeville, Baldwin County, Georgia, and, during the three year period immediately preceding the date of this complaint, was employed by CVS as a store Manager at one or more CVS stores situated in the Middle District of Georgia, including a store in Jackson, Butts County Georgia. Plaintiff Martha Webb's claims for unpaid overtime under the FLSA, as alleged

below, derive in part from her employment by Defendants at their store in Jackson, Butts County, Georgia.

4.

Plaintiff Scott Lewis resides in Monroe, Walton County, Georgia, and during the three year period immediately preceding the date of this complaint was employed by CVS as a store Manager at one or more CVS stores situated in the Middle District of Georgia.

5.

Plaintiff Charles Fannin resides in Canton, Georgia, and during the three year period immediately preceding the date of this complaint was employed by CVS as a store Manager at one or more CVS stores situated in the Middle District of Georgia.

6.

Plaintiff Cono Marchionno resides in Bethlehem, Georgia, and during the three year period immediately preceding the date of this complaint was employed by CVS as a store Manager at one or more CVS stores situated in the Middle District of Georgia.

7.

Plaintiff Renee Page resides in Pendergrass, Georgia, and during the three year period immediately preceding the date of this complaint was employed by

CVS as a store Manager at one or more CVS stores situated in the Middle District of Georgia.

8.

Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. §216(b).  Each Plaintiff consents to the filing of this action as shown in the consent forms attached hereto and collectively marked Exhibit A.  Plaintiffs anticipate that other current and former employees who CVS employed as a Manager during the period from March 16, 2008 to present will elect to "opt-in" to this litigation pursuant to 29 U.S.C. § 216(b).

9.

CVS Caremark is a Delaware corporation with corporate headquarters located at One CVS Drive, Woonsocket, Rhode Island 02895, and may be served with process through its registered agent, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10.

CVS Pharmacy is a Rhode Island corporation with corporate headquarters at One CVS Drive, Woonsocket, Rhode Island 02895, and may be served with process through its registered agent, CT Corporation System, 155 South Main Street, Suite 301, Providence, Rhode Island, 02903.

11.

CVS Georgia is a Georgia corporation with corporate headquarters at One CVS Drive, Woonsocket, Rhode Island 02895, and may be served with process through its registered agent, Corporation Process Company, 2180 Satellite Blvd., Suite 400, Duluth, Georgia 30097.

12.

CVS Pharmacy and CVS Georgia are, upon information and belief, wholly owned subsidiaries of CVS Caremark. CVS operates a nationwide chain of retail drugstores located throughout the United States.

13.

Defendants' control over CVS stores is centralized through CVS' headquarters in Woonsocket, Rhode Island. This centralized control extends to all material aspects of the employer-employee relationship, including decisions regarding compensation, job classification, duties, responsibilities, qualifications, training and recruiting.

14.

CVS is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the FLSA.

15.

CVS and its employees who have held the position of store Manager are engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

## FACTUAL ALLEGATIONS

16.

Upon information and belief, between March 16, 2008 and the present (hereafter "the relevant period") CVS employed hundreds, possibly thousands, of individuals with the job title "Store Manager" or "Manager" (hereafter, "Manager"), categorized such employees as "exempt" from the overtime requirements of the FLSA, and failed to pay them for all overtime compensation due.

17.

Each CVS store is assigned a number and organized within (from smaller to larger) "districts," "regions" and "areas."  Each district has a "District Manager."

18.

Each CVS store contains a pharmacy and a separately managed retail "front store."

19.

Plaintiffs did not manage the pharmacy portions of their stores. At each CVS store, pharmacy and pharmacy employees are managed by the pharmacist and District Manager.

20.

CVS operates front stores pursuant to uniform corporate directives and policies and by the close supervision and management of its District Managers.

21.

Defendants mandated a limited payroll budget for front store operations and routinely fail to authorize sufficient labor to adequately staff and support front store operations. On a routine basis, through corporate directives implemented by District Managers, Defendants prohibited hourly wage front store employees from working overtime and required Plaintiffs and other similarly situated Managers to work substantial overtime hours to meet the labor demands of front store operations. Upon information and belief, Defendants under-staffed front store operations knowing that doing so would necessitate that Plaintiffs and other similarly situated Managers work substantial overtime hours for which they, having been classified by Defendants as "exempt," do not receive overtime compensation.

22.

The daily responsibilities of Plaintiffs and other similarly situated Managers, including specific daily goals, objectives and "tasks" assigned to them, were rigidly controlled, directed and micromanaged by CVS through corporate directives, manuals, policies, computer software programs and other technology or automation, and close supervision and management by District Managers.  All meaningful managerial decisions not mandated by CVS corporate directives, policies and manuals were vested in the District Managers.

23.

District Managers managed and closely supervised each CVS store assigned to them and enforced CVS policies and store operating procedures down to the smallest details.  District Managers imposed and enforced rigid constraints upon each store's labor and payroll budget, including rates of pay, raises and overtime worked by hourly wage employees. District Managers closely supervised all aspects of a store's inventory, pricing, signage, planagrams, sales displays, and related sales and revenue functions.  District Managers, in conjunction with computer software functions referred to at CVS as "Workload Planner," "Workload Monitor" and "Task Creator," set or monitored specific daily goals, objectives and "tasks" assigned to Managers for completion by specific dates and within an allotted completion time. District Managers required Managers throughout each

day to regularly post or report progress on assigned tasks, monitored such progress, and dictated particular instructions to Managers regarding such tasks on a routine, regular basis by email, voicemail, telephone and using "Daily Walkthrough Sheets."

24.

Plaintiffs' exercise of real managerial discretion in performing their jobs was infrequent and nominal.

25.

Plaintiffs' primary job duties and responsibilities during the relevant period were not management duties.  Plaintiffs were "Managers" in name only.  The vast majority of Plaintiffs' work time at CVS was spent on non-managerial, non-exempt work involving manual labor and production including: stocking shelves with merchandise; pulling merchandise from shelves; putting prices on merchandise; removing prices from merchandise; assembling, constructing or changing sales signs or displays, and taking them down and disposing of them; following CVS "planagrams"; sweeping, mopping or otherwise cleaning bathrooms, floors, shelves and other parts of the stores; cleaning the parking lot; operating the cash register; answering customer questions; unloading delivery freight trucks; and data entry.

26.

Plaintiffs regularly worked with only one other employee in the front store due to the limited payroll budget imposed upon each store by Defendants. The nature, frequency and substantial extent of manual labor Plaintiffs were regularly required to perform effectively precluded their ability to concurrently supervise other employee(s) or perform other managerial responsibilities.

27.

Most of Plaintiffs' supposed "management" duties were or could have been shared with or performed by hourly-wage employees lacking the title "Manager" but cross-trained or otherwise able to perform such duties.

28.

Plaintiffs' primary duty was not performance of exempt work and does not support an exemption from the overtime compensation requirements of the FLSA. Each Plaintiff and similarly situated Manager of CVS was and is not exempt from the overtime compensation requirements of the FLSA.

29.

Time spent by Plaintiffs and other Managers performing nonexempt duties and responsibilities during the relevant period far exceeded their time spent performing exempt duties.

30.

Upon information and belief, all of the aforesaid allegations pertaining to Plaintiffs' employment as Managers are typical and similar to the experiences of other current and former CVS Managers and, in all material respects, evidence employment policies and practices at CVS that are systemic and ongoing.

31.

Plaintiffs and all similarly situated individuals holding the position of Manager at CVS regularly worked in excess of 40 hours per week.

32.

CVS did not compensate each Plaintiff and similarly situated Manager for all hours worked in excess of 40 per week on a basis of not less than one and one-half times the regular rate of pay.  Upon information and belief, CVS continues to fail to properly compensate current Managers in similar fashion.

33.

Upon information and belief, Defendants either determined that its Managers, including Plaintiffs, were exempt from overtime under one or more provisions of the FLSA, or failed to pay overtime for hours worked in excess of 40 hours per week.

34.

CVS is liable to each Plaintiff and similarly situated current or former CVS Manager who consents to join this action as Plaintiffs for all compensation due under the FLSA for all hours worked in excess of 40 hours per week during the relevant period and the pendency of this case, at the rate of at least one and one-half times the regular hourly rate of each such person .

35.

CVS' compensation policy with respect to all employees who hold or held the Manager position, including its classification of that position as "exempt," and any other conduct designed to systematically reduce and avoid the payment of overtime was and is a uniform policy implemented and enforced by CVS with the intent and effect of willfully and knowingly avoiding the payment of overtime wages required by law.

36.

Upon information and belief, during the relevant period Defendants had knowledge or should have had knowledge that Plaintiffs and other Managers regularly worked overtime hours for which they received no compensation.

37.

Upon information and belief, during the relevant period Defendants failed to properly document all hours worked by Plaintiffs and other Managers, as required by the FLSA.

## Count I

**(CLAIM FOR RELIEF UNDER FLSA § 207)**

38.

The above facts support Plaintiffs' claims for relief under the FLSA.

39.

CVS' policy and practice of failing to compensate Plaintiffs and other Managers for time worked in excess of 40 hours per week violated and violates FLSA § 207. Such violation was and is intentional, willful and/or reckless, thereby entitling Plaintiffs and those similarly situated individuals who consent to join this action to recover liquidated damages as provided for by the FLSA.

40.

Plaintiffs and all others who consent to participate in this case are entitled to compensation for all unpaid overtime, as provided by the FLSA.

41.

Defendants' failure to pay overtime to Plaintiffs was and is intentional and willful, so that the three-year statute of limitations applies to this action.

**WHEREFORE**, the Plaintiffs pray that this Court:

(i)  Take jurisdiction of this matter;

(ii)  Exercise its discretion to publish appropriate notice of Plaintiffs' claims to similarly situated individuals who have been employed by CVS during the relevant period;

(iii)  Award to Plaintiffs and each current or former Manager at CVS who hereafter consents to join this case compensation for each overtime hour he or she worked, calculated at one and one-half times the normal hourly rate;

(iv)  Award to Plaintiffs and each current or former Manager at CVS who hereafter consents to join this case payment liquidated damages equaling an additional 100% of overtime due;

(v)  Award to Plaintiffs and each current or former Manager at CVS who hereafter consents to join this case prejudgment interest on their unpaid overtime from the date of the CVS' failure to pay overtime to the time of trial;

(vi)  Award all costs of litigation and reasonable attorney's fees;

(vii)  A trial by jury on all issues so triable; and

(viii)  Such other and further relief this Court deems just, equitable and proper.

BROWNSTEIN NGUYEN & LITTLE LLP

Jay D. Brownstein
Georgia Bar No. 002590
2010 Montreal Road
Tucker, Georgia 30084
(770/458-9060)

*Kevin S. Little*
Kevin S. Little
Georgia Bar No. 454225
400 Colony Square, Suite 200
1201 Peachtree Street NE
Atlanta, Georgia 30361
(404/921-4040)

*Counsel for Plaintiffs*