IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTHA WEBB, SCOTT LEWIS, CHARLES FANNIN, CONO MARCHIONNO, and RENEE PAGE., | : : : : | |
| Plaintiffs, | : : | |
| v. | : | 5:11-CV-106 (CAR) |
| | : : | |
| CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and GEORGIA CVS PHARMACY, L.L.C., | : : : : | |
| Defendants. | : : | |

### ORDER DENYING MOTION TO SEAL DOCUMENTS AND MOTION TO APPROVE FLSA SETTLEMENT

Currently before the Court are Defendants' Unopposed Motion to Submit Confidential Settlement Agreements under Seal [Doc. 27] and the parties' Renewed Joint Motion to Approve Settlement and for Dismissal with Prejudice [Doc. 28]. Plaintiffs Martha Webb, Scott Lewis, Charles Fannin, Cono Marchionno, and Renee Page, former employees of CVS, filed suit against Defendants seeking to recover unpaid overtime compensation allegedly withheld from them by Defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The parties have now agreed to settle the claims

1

and are seeking judicial approval of the settlement agreements they have entered into. For the following reasons, however, the Motions [Docs. 27 and 28] are hereby **DENIED**.

As the parties recognize, there cannot be a private settlement of claims under the FLSA. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and their employees. Id. Thus, settlements must either be approved by the Department of Labor or the district court through stipulation. Id.; see also Lee v. Flightsafety Serv. Corp., 20 F.3d 428 (11th Cir. 1994). In this case, because Plaintiffs brought a private action against Defendants, the Court must approve the settlement but only after "scrutinizing the settlement for fairness." Lynn's Food Stores, 679 F.2d at 1353.

*Motion to Seal the Agreements*

In most cases when parties settle, the Court does not examine or approve their agreements; the settlements are purely private contracts. However, when, as here, a settlement must be approved by a court, the settlement becomes part of the judicial record. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010) (citations omitted). There is a common-law presumption that judicial

records are public documents.  Nixon v. Warner Commc'n, Inc., 435 U.S. 589, 597 (1978); Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001).  "The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that 'directly affect an adjudication' than for documents, such as certain discovery materials, that 'come within a court's purview solely to insure their irrelevance.'"  Hogan v. Allstate Beverage Co., __ F. Supp. 2d __, 2011 WL 3568818, 8 (M.D. Ala. Aug. 15, 2011) (citing United States v. Amodeo, 71 F.3d 1044, 1046 (2d Cir. 1995), and Chicago Tribune, 263 F.3d at 1311).

The presumption of openness is surely most strong when the "right" at issue of a "private-public character," as the Supreme Court has described employee rights under the FLSA.  Brooklyn Savings Bank v. O'Neill, 324 U.S. 697, 708 (1945).  This public character is based on "an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce.  The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national

3

health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose, standards of minimum wages and maximum hours were provided." Id. at 706-07 (footnotes omitted).

"Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employers and their employees would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" Id.  Indeed, a request to seal must be justified and carefully balanced with the public's right of access to a judicial proceeding, which is "an essential component of our system of justice [and] instrumental in securing the integrity of the process." Chicago Tribune, 263 F.3d at 1311; see also Pressure Enter. Co. v. Superior Court of California, 464 U.S. 501, 510 (1984) (before sealing a document, the district court must identify and articulate "an overriding interest based on findings that [a seal] is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the [sealing] order was properly entered."). There is strong support that FLSA settlement agreements should never be sealed or reviewed *in camera*. See, e.g., Dees, 706 F. Supp. 2d at 1245 ("Sealing an FLSA settlement agreement between an employer and employee, reviewing the

4

agreement *in camera*, or reviewing the agreement at a hearing without the agreement's appearing in the record (in any event precluding other employees' and the public's access to, and knowledge of, the agreement) thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.").

The documents at issue here, settlement agreements entered as stipulated judgments, are not only dispositive of the adjudication and thus fall on the end of the continuum for which the presumption is stronger, but they are also FLSA wage-settlement agreements between employees and their employer for which the presumption is strongest.  Defendants state that they are defending more than twenty other lawsuits brought by current and former store managers with claims similar to the ones in this case, and thus, filing the agreements under seal will ensure that the terms of the agreements will not influence plaintiffs in the other pending claims.  Indeed, Defendants maintain that the sheer number of both potential (there are thousands of individuals who currently work in store manager positions or previously worked in those positions) and existing store manager claims justifies filing the instant settlements under seal to promote just and speedy resolutions of the FLSA claims at issue here, to avoid hindering settlements of other store manager actions, and to discourage frivolous lawsuits.

The Court finds, however, that these are not compelling reasons which outweigh the public's independent interest in access to the judicial record of this FLSA dispute, and thus, the request to seal is denied.

*Motion to Approve the Settlement Agreements*

In reviewing a settlement of a FLSA private claim, this Court must "scrutinize[] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1353, 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of backpay each Plaintiff is entitled to receive. Having reviewed the settlement agreements, the Court concludes that the settlement terms in each of the agreements are fair and reasonable resolutions of the bona fide disputes.

However, there are two provisions in each of the agreements that this Court cannot approve: the confidentiality clause and the release clause. First, in light of the Court's ruling that it will not seal any settlement agreements, it is

likely the confidentiality provisions are unenforceable.  See Poulin v. Gen. Dynamics Shared Res., Inc., 2010 WL 1813497 (W.D. Va. May 5, 2010) (noting that "the confidentiality provisions are likely unenforceable in light of the public filing of the settlement agreement").  Moreover, "a confidentiality provision in a FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."  Dees, 706 F. Supp.2d at 1242; see also Glass v. Krishna Krupa, LLC, 2010 WL 4064017 (S.D. Ala. Oct. 15, 2010) (following Dees); Poulin, 2010 WL 1813497 (same).

Furthermore, the Court finds the pervasive release in the agreements to be unfair.  Under the proposed settlement agreement terms, Plaintiffs agree to release Defendants from *any* claim, including claims that Defendants violated the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, Sections 1981through 1988 of Title 42 of the United State Code, the Employee Retirement Income Security Act, the Immigrations Reform and Control Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, and the Occupational Safety and Health Act.  "Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use a FLSA claim (a matter arising from

7

the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA."  Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010).  Indeed, "a pervasive release in a FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer."  Id. at 1352.  Thus, this Court will not approve the pervasive release language currently set forth in the settlement agreements.

## CONCLUSION

In light of the foregoing, the Court hereby **DENIES** the Motion to Seal the Settlement Agreements [Doc. 27] and the Renewed Motion to Approve Settlement and Dismiss FLSA Claims with Prejudice [Doc. 28].  Within fourteen (14) days of the date of this Order, the parties must either (1) move for this Court's approval of amended settlement agreements in accordance with this Order and file the proposed agreements on the record or (2) submit a status report proposing an amended scheduling and discovery schedule.  The Court notes that should the parties move for approval of amended settlement agreements, the Court will rule on the reasonableness of attorney's fees at that time.

**SO ORDERED** this 23rd day of December, 2011.


                                         <u>S/  C. Ashley Royal</u>
                                         C. Ashley Royal
                                         United States District Judge

SSH