UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTHA WEBB, SCOTT LEWIS, CHARLES FANNIN, CONO MARCHIONNO and RENEE PAGE, | : : : : |
| Plaintiffs, | : : |
| vs. | : CIVIL ACTION FILE NO. : 5:11-CV-106-CAR |
| CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and GEORGIA CVS PHARMACY, L.L.C., | : : : : |
| Defendants. | : |

## FURTHER RENEWED JOINT MOTION TO

## APPROVE SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

By Order dated December 23, 2011 (Doc. 29), the Court denied Defendants' CVS Caremark Corporation, CVS Pharmacy, Inc., and Georgia CVS Pharmacy, L.L.C. ("CVS" or "Defendants") Unopposed Motion to Submit Confidential Settlement Agreements and the parties' Renewed Joint Motion to Approve Settlement and for Dismissal with Prejudice. The Court's Order provided that, within fourteen (14) days, the parties "must either (1) move for this Court's approval of amended settlement agreements in accordance with this Order and file the proposed agreements on the record or (2) submit a status report proposing an amended scheduling and discovery schedule." On January 6, 2012, the Court

LA1 2374359v.1

granted the parties' request for an extension of time to move for settlement approval to and including January 20, 2012.

Defendants on the one hand, and Plaintiffs Martha Webb, Scott Lewis, Charles Fannin, Cono Marchionno, and Renee Page ("Plaintiffs") on the other hand, have modified the Settlement Agreements in accordance with the Court's December 23, 2011 order. Specifically, the parties have removed the confidentiality provisions and the pervasive release language. Attached, as Exhibits A-E hereto, are true and correct copies of the revised Settlement Agreements as well as a "redline" comparison against the prior version of the Settlement Agreements submitted to the Court.

Therefore, the parties hereby renew their joint request that this Court approve the parties' settlement and dismiss this matter with prejudice, showing as follows:

1. On March 16, 2011, Plaintiffs filed this action seeking unpaid overtime and liquidated damages. The complete factual allegations that Plaintiffs contend support their claims are set forth in their complaint. (Doc. 1). The disputed facts and primary legal issues to be resolved in this litigation are summarized below.

2. Plaintiffs were formerly employed by CVS as Store Managers. They jointly brought this case under the Fair Labor Standards Act of 1938, 28 U.S.C. § 201, *et seq.* ("FLSA") claiming unpaid overtime compensation, liquidated

LA1 2374359v.1

damages, attorney's fees and litigation expenses. Plaintiffs allege that CVS misclassified them and other Store Managers as exempt employees under the FLSA and thus failed to pay Plaintiffs for overtime hours that Plaintiffs claim they worked. CVS contends that the strength of each Plaintiff's claim could be impacted by such variables including his or her own personal managerial style, the supervisor(s) at issue, the style and size of the Plaintiff's store, and each Plaintiff's subordinate employees. Moreover, each Plaintiff's alleged damages necessarily varies based on, among other things, the "overtime" hours allegedly worked during the relevant period and their rates of pay.

3. Defendants deny Plaintiffs' claims in their entirety. Defendants contend that each of the Plaintiffs was properly classified as an exempt employee under the FLSA, 29 U.S.C.§ 213(a)(1), specifically under the executive and/or administrative exemptions, as well as other applicable laws and regulations. Defendants contend that they have acted in good faith and dispute that Plaintiffs have been damaged in any way, even if found to be non-exempt.

4. There are numerous unresolved legal issues that bear upon the claims and defenses asserted by the parties. Though formal discovery to date has been limited, both parties have engaged in extensive informal discovery. Good faith disputes between the parties remain, including:

> (a) Whether Plaintiffs were misclassified under the FLSA and, if so, whether they are due additional compensation;

LA1 2374359v.1

(b) The precise number of hours that each Plaintiff worked each week during the relevant period;

(c) The proper method by which to calculate unpaid wages due, if any;

(d) The amount of liquidated damages, if any, to which Plaintiffs might be entitled;

(e) The applicable FLSA limitations period; and

(f) The amount of attorney's fees, if any, to which Plaintiffs are entitled.

If the parties cannot resolve the case by compromise, these issues would likely warrant further time-consuming efforts and expensive discovery, and the parties will face continued uncertainty concerning the scope and future resolution of this case.

5.  The parties engaged in arms length negotiations in which various settlement offers were exchanged. To settle the foregoing and all other outstanding issues, the parties have entered into Settlement Agreements and Releases which contain all of the material terms of the agreement between the parties. Each Plaintiff has entered into a separate Settlement Agreement and Release with Defendants that is identical in all respects except for the settlement payment and attorney's fees. (*See* Exhibits A-E).

LA1 2374359v.1

6. The parties and their counsel believe that the settlement of this case as reflected in the Agreements was reached by good faith, arms-length negotiations and constitutes a fair, adequate, and reasonable resolution of plaintiffs' FLSA claims, and that the settlement facilitates the purpose of the FLSA. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla., 2009) ("Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement ... Rarely will the Court be in a position to declare that such a settlement is "unreasonable."). The parties therefore ask the Court to approve the Agreements as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), principally for the following reasons:

(a) The settlement was reached by arms-length negotiations conducted in good faith, free of collusion;

(b) The settlement is solely as stated in the Agreements, and there is no "side deal" or other agreement between the parties or counsel;

(c) The likely complexity, expense, and duration of this litigation is substantial and adverse to the interests of the Plaintiffs and the Defendants;

(d) While this settlement was reached early in the discovery stage of this case, Plaintiffs' counsel engaged in extensive informal discovery and investigation, including review and analysis of extensive

LA1 2374359v.1

documentation obtained from the Plaintiffs and other sources (as reflected in the declarations attached to Plaintiffs' memorandum regarding attorneys' fees and expenses, filed as an attachment to this motion), and are fully satisfied that the documents and information available to them provide a sufficient basis together with extensive legal research for them to draw reliable conclusions regarding the strengths and weaknesses of the Plaintiffs' case for purposes of evaluating the benefits and risks of proceeding with litigation compared to the benefits of the instant settlement;

(e) The probability of Plaintiff's success on the merits is difficult to ascertain with reasonable certainty at this stage given that the Plaintiffs' claims for relief are strenuously disputed by the Defendants and will depend upon adjudication of various issues in litigation, many of which are complex and subject to different legal interpretations;

(f) The range of possible recovery is limited by the number of overtime hours worked each week by the Plaintiffs (which are disputed) within the applicable limitations period (which must be adjudicated), and will be further affected and potentially limited by adjudication of, among other things, Defendants' good faith, proper methodology for

LA1 2374359v.1

calculating back wages due based upon the particular facts of this case, and the application of FLSA exemptions.

(g) For the Plaintiffs, the settlement will enable them to immediately conclude this litigation, to obtain personal closure of outstanding issues with the Defendants, to obtain immediate and substantial compensation that they have expressed a desire and need to promptly obtain, and obviate meaningful, undesirable personal difficulties of litigation they will otherwise experience in the near future, including extensive preparation for, and sitting through, expected day-long depositions, and continued time-consuming assistance to their counsel;

(h) For the Defendants, the settlement will allow them to immediately conclude this litigation without further expense or risks, including the risk of an adverse ruling on the Store Manager exemption.

7. Plaintiffs believe they have established that the attorney's fees and expenses provided for in the Agreements should be approved for reasons stated in Plaintiffs' supporting memorandum filed as an attachment to this motion, which is incorporated herein by reference.

8. The parties further agree that, upon the Court's approval of this motion and Plaintiffs' counsel's receipt of all settlement payments required by the

LA1 2374359v.1

Agreements, Defendants' counsel will file a joint dismissal as provided in the Agreements.

WHEREFORE, the parties pray that the Court grant this motion, approve the settlement, and authorize the joint dismissal of this case with prejudice, as provided in the Agreements.

Dated: January 20, 2012

By: *Jay D. Brownstein*

Jay D. Brownstein
Brownstein Nguyen & Little LLP
2010 Montreal Road
Tucker, GA  30084
Tel:  770-458-9060
Fax:  770-458-9057
Email: jdb@bnllawfirm.com

Kevin S. Little
Brownstein Nguyen & Little LLP
1201 Peachtree St., N.E.
400 Colony Square, Suite 200
Atlanta, GA  30361
Tel:  404-921-4040
Fax:  404-685-1663
Email: ksl@bnllawfirm.com

COUNSEL FOR PLAINTIFFS

Respectfully submitted,

By: *Geoffrey D. DeBoskey*

Douglas R. Hart
Geoffrey D. DeBoskey
Sidley Austin LLP
555 West Fifth Street, 40th Floor
Los Angeles, California  90013
Tel:  213-896-6000
Fax:  213-896-6600
Email: gdeboskey@sidley.com
Email: dhart@sidley.com

COUNSEL FOR DEFENDANTS