# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is made by and between Martha Webb ("Employee") and CVS Pharmacy, Inc. (the "Company"). The Company and Employee will collectively be referred to as "the Parties."

1.      Employee was formerly employed by Georgia CVS Pharmacy, L.L.C.  In connection with that employment various disputes (the "Disputes") have arisen, including, but not limited to, the following: on or about March 16, 2011, Employee filed a civil complaint against the Company in the United States District Court for the Middle District of Georgia (Case No.: 5:11-cv-106) (the "Complaint").

2.      The Parties now desire to resolve the above referenced Disputes, and all issues raised or that could have been raised therein, without the further expenditure of time or the expense of contested litigation.  For these reasons, they have entered into this Agreement.

3.      The Company expressly denies any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law.  The Company also expressly denies any liability to Employee.  This Agreement is the compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of the parties hereby released, or any of them, by whom liability is expressly denied.  Accordingly, while this Agreement resolves all issues regarding the released parties referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Disputes and is not, and shall not be construed as an admission by the released parties of any violation of federal, state, or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes.  Moreover, neither this Agreement nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by the released parties of any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes.  Additionally, neither this Agreement nor anything in it shall be admissible in support of any argument for class certification, conditional class certification, joinder, or collective action treatment.  This Agreement may be introduced, however, in any proceeding to enforce the Agreement.  Such introduction shall be pursuant to an order protecting its confidentiality if one is available.

4.      In consideration of and in return for the promises and covenants undertaken and the releases given, the Company agrees to pay:

    a.      Employee the total sum of Twelve Thousand Five Hundred dollars ($12,500) in the form of: (i) a check for alleged unpaid wages in the gross amount of six thousand two hundred fifty dollars ($6,250), from which all applicable taxes and deductions shall be subtracted and for which Employee shall receive a Form W-2; (ii) a check for alleged liquidated damages in the amount of six thousand two hundred fifty dollars ($6,250) for which a Form 1099 shall issue to Employee.

    b.      Brownstein Nguyen & Little LLP ("Employee's counsel") the total sum of ten thousand two hundred twenty seven dollars and twenty seven cents ($10,227.27) by way of a check for which a Form 1099 shall issue to Employee's counsel and Employee.

5.      The settlement checks described in Paragraphs 4a and 4b shall be transmitted to Employee's counsel within the time period specified in paragraph 5(d) below. The attorneys' fees payment set forth in 4b may be combined with the attorneys' fees payments for the Other Plaintiffs (as that phrase is defined in Paragraph 5(c) below) and transmitted in the form of a single aggregate check to Employee's counsel. Employee and Employee's counsel agree to, within five days following the Effective Date, execute and transmit to the Company's counsel a Joint Stipulation and Request for Dismissal with Prejudice of the Complaint ("Joint Stipulation") and any supporting documentation, in form reasonably satisfactory to Company's counsel. The Company's counsel shall hold the Joint Stipulation in trust and cause it to be filed with the Court only after the settlement checks described in paragraphs 4a and 4b have been delivered to Employee's counsel.

a.      The Company warrants and Employee acknowledges that the monies described in paragraphs 4a and 4b are not required to be paid by any policy or procedure of the Company and that Employee is entitled to these payments solely by virtue of the Agreement.

b.      The Parties acknowledge and agree that no portion or part of the Settlement Payment is being paid as a fine or penalty to a government agency. Any tax obligation arising from the payments made to Employee under the Agreement will be the sole responsibility of Employee. Employee agrees to and will indemnify, defend and hold Company harmless for any federal, state and local tax liability, including taxes, interest, penalties and the like, and required withholdings, except for Company's withholding obligations specified herein, which may be or is asserted against or imposed upon Company by any taxing authority based upon any failure to pay any taxes due on the amounts being paid to her pursuant to this Agreement and shall pay to Company upon demand all reasonable attorney's fees and costs incurred by Company related thereto.

c.      In addition to Employee, the Complaint was also filed by Scott Lewis, Cono Marchionno, Renee Page, and Charles Fannin (collectively "Other Plaintiffs"). Each of the Other Plaintiffs has also agreed to settle his/her claim. If any of the Other Plaintiffs either do not execute or execute and revoke within a statutorily provided revocation period a settlement agreement substantially in the form of this Agreement, this Agreement shall be void *ab initio* and Employee's claim against the Company shall proceed as if no Agreement had been signed. Notwithstanding the foregoing, Employee and the Other Plaintiffs shall have a period of thirty days following the District Court's approval of this Agreement (as referenced in Paragraph 6 below) to execute their respective settlement agreements.

d.      Provided that Employee and each of the Other Plaintiffs has executed and not revoked a settlement agreement substantially in the form of this Agreement and that the District Court has approved this Agreement, the payments required under paragraphs 4a and 4b shall be made within eight (8) business days following the latter of: (i) the date that Employee and all of the Other Plaintiffs have executed their respective settlement agreements; or (ii) the date that the District Court approves this Agreement.

6.      The Parties shall submit this Agreement to the United States District Court for the Middle District of Georgia ("District Court") for approval in accordance with the Fair

2

Labor Standards Act, 29 U.S.C. §§ 201, et seq.  If the District Court does not approve this Settlement Agreement, it and the settlement agreements for each of the Other Plaintiffs, shall be void *ab initio*.

       7.     In consideration of and in return for the promises and covenants undertaken herein by the Company, and for other good and valuable consideration, receipt of which is hereby acknowledged:  Employee hereby releases and forever discharges the Company, CVS Caremark Corporation, Georgia CVS Pharmacy, L.L.C.  and each of their divisions, affiliates, subsidiaries, operating companies, and parents, past and present, and the respective officers, directors, employees, agents and affiliates of each of them, past and present (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys fees ("Claims") against the Released Parties, whether known or unknown, which Employee ever had, now has or which Employee or Employee's heirs, executors, administrators, successors or assigns may have that are at issue in the Complaint including all Claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. as amended including, without limitation, The Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq., as well as all state law claims relating to the alleged failure by Released Parties to pay Employee overtime and/or regular wages.

       8.     Employee acknowledges that she may hereafter discover facts different from, or in addition to, those that she now knows or believes to be true and agrees the releases herein shall be and remain in effect in all respects as complete releases as to all matters released herein, notwithstanding any such different or additional facts.

       9.     Employee represents that as of the date Employee signs this Agreement, Employee has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state, or local court or agency other than the Complaint.  Employee agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the Released Claims against any of the Released Parties.  Employee further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Employee may not waive a claim released by this Agreement, Employee will not accept any money damages or other relief.  Employee agrees to promptly reimburse the Company for any legal fees that the Company incurs as a result of any breach of this paragraph by Employee.

       10.     Employee will not make any statements that disparage the business or reputation of the Company, and/or any officer, director or employee of the Company.  Notwithstanding the foregoing, nothing in this Agreement shall prohibit Employee from (i) making truthful statements or disclosures that are required by applicable law, regulation or legal process; or (ii) requesting or receiving confidential legal advice.  Moreover, Employee and the Company agree to direct employment verification requests to The Work Number.  Upon Employee's request, the Company will provide the following information:  (i) dates of employment, (ii) position(s) held, and (iii) last salary.  The Company shall not disclose any additional information about Employee.  Employee agrees not to apply for, seek or accept employment with the Company and agrees to not apply for, seek, accept or maintain employment with any of the Company's known subsidiaries, divisions, affiliates, partners or parents, at any

3

time on or after the Effective Date of this Agreement. Employee represents and warrants that Employee has not accepted or applied for or sought such employment. Further, Employee agrees that in the event such employment occurs in the future, this provision shall serve as adequate grounds for termination of that employment. Employee knowingly and voluntarily waives all rights Employee may have under federal and/or state law to reinstatement to Employee's employment with the Company.

11.     The Parties acknowledge that they are each responsible for their own attorneys' fees and costs in connection with the Disputes. Nothing in this paragraph prevents the Parties from seeking attorneys' fees and costs in seeking enforcement of this Agreement.

12.     This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective Parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders.

13.     Employee acknowledges and confirms that Employee has entered into this Agreement of Employee's own free will, without duress or coercion. Employee acknowledges that Employee has read and fully understands the meaning and intent of this Agreement and is competent to execute it. The Company hereby advises Employee to seek the advice of legal counsel concerning this Agreement before signing this Agreement, and Employee represents that Employee has had the opportunity to do so prior to signing this Agreement.

14.     This Agreement and the provisions contained herein shall not be construed or interpreted for or against any party hereto because that party drafted or caused that party's legal representative to draft any of its provisions.

15.     Employee represents and warrants that she has not heretofore assigned or transferred or purported to assign or transfer to any person, firm or corporation any claim or any other matter herein released. Employee agrees to indemnify and hold the Company harmless against any claim, demand, right, damage, debt, liability, account, action, cause of action, cost or expense, including attorneys' fees actually paid or incurred, arising out of or in any way connected with any such transfer or assignment or any such purported or claimed transfer or assignment.

16.     If any provision of this Agreement is deemed unenforceable by a court of competent jurisdiction because it is overly broad, then the court shall have the ability to modify the offending provision in order to make it enforceable. Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties. In the event that Paragraph 7 is found to be invalid, then without the payment of any additional consideration, Employee agrees to provide a valid release.

4

17.    This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Georgia. Any actions brought to enforce the terms of this Agreement shall be brought in a court of competent jurisdiction located in the State of Georgia.

18.    This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement.

19.    The Company is executing this Agreement for itself and on behalf of all other related Released Parties.

20.    This Agreement sets forth the entire agreement between the parties hereto and fully supersedes and negates any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Employee has not relied on any representations, promises or agreements of any kind made to Employee in connection with Employee's decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. The undersigned further acknowledge that the terms of this Agreement are contractual and not a mere recital. Any modification to this Agreement must be in writing and signed by Employee and the Company.

21.    If any party to this Agreement is required to initiate proceedings to enforce any term of this Agreement, litigate any claims released herein, or seek relief for breach of this Agreement, the prevailing Party shall be entitled to all reasonable attorneys' fees and costs expended to enforce this Agreement.

I have read the foregoing Settlement Agreement and General Release of All Claims and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY. THIS AGREEMENT CONTAINS A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Date: January _13_, 2012                Martha Webb

Date: January _20_, 2012                CVS   Pharmacy, Inc.

                                        By: Carolyn Wiesenhahn

5

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is made by and between Martha Webb ("Employee") and CVS Pharmacy, Inc. (the "Company"). The Company and Employee will collectively be referred to as "the Parties."

1.      Employee was formerly employed by Georgia CVS Pharmacy, L.L.C.  In connection with that employment various disputes (the "Disputes") have arisen, including, but not limited to, the following:  on or about March 16, 2011, Employee filed a civil complaint against the Company in the United States District Court for the Middle District of Georgia (Case No.: 5:11-cv-106) (the "Complaint").

2.      The Parties now desire to resolve the above referenced Disputes, and all issues raised or that could have been raised therein, without the further expenditure of time or the expense of contested litigation.  ~~Additionally, the Parties desire to resolve any known or unknown claims as more fully set forth below.~~ For these reasons, they have entered into this Agreement.

3.      The Company expressly denies any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law.  The Company also expressly denies any liability to Employee.  This Agreement is the compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of the parties hereby released, or any of them, by whom liability is expressly denied.  Accordingly, while this Agreement resolves all issues regarding the released parties referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Disputes and is not, and shall not be construed as an admission by the released parties of any violation of federal, state, or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes.  Moreover, neither this Agreement nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by the released parties of any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes.  Additionally, neither this Agreement nor anything in it shall be admissible in support of any argument for class certification, conditional class certification, joinder, or collective action treatment.  This Agreement may be introduced, however, in any proceeding to enforce the Agreement.  Such introduction shall be pursuant to an order protecting its confidentiality if one is available.

4.      In consideration of and in return for the promises and covenants undertaken and the releases given, the Company agrees to pay:

a.      Employee the total sum of Twelve Thousand Five Hundred dollars ($12,500) in the form of: (i) a check for alleged unpaid wages in the gross amount of six thousand two hundred fifty dollars ($6,250), from which all applicable taxes and deductions shall be subtracted and for which Employee shall receive a Form W-2; (ii) a check for alleged liquidated damages in the amount of six thousand two hundred fifty dollars ($6,250) for which a Form 1099 shall issue to Employee.

b.      Brownstein Nguyen & Little LLP ("Employee's counsel") the total sum of ten thousand two hundred twenty seven dollars and twenty seven cents ($10,227.27) by way of a check for which a Form 1099 shall issue to Employee's counsel and Employee.

5.      The settlement checks described in Paragraphs 4a and 4b shall be transmitted to Employee's counsel within the time period specified in paragraph 5(d) below.  The attorneys' fees payment set forth in 4b may be combined with the attorneys' fees payments for the Other Plaintiffs (as that phrase is defined in Paragraph 5(c) below) and transmitted in the form of a single aggregate check to Employee's counsel.  Employee and Employee's counsel agree to, within five days following the Effective Date, execute and transmit to the Company's counsel a Joint Stipulation and Request for Dismissal with Prejudice of the Complaint ("Joint Stipulation") and any supporting documentation, in form reasonably satisfactory to Company's counsel.  The Company's counsel shall hold the Joint Stipulation in trust and cause it to be filed with the Court only after the settlement checks described in paragraphs 4a and 4b have been delivered to Employee's counsel.

a.      The Company warrants and Employee acknowledges that the monies described in paragraphs 4a and 4b are not required to be paid by any policy or procedure of the Company and that Employee is entitled to these payments solely by virtue of the Agreement.

b.      The Parties acknowledge and agree that no portion or part of the Settlement Payment is being paid as a fine or penalty to a government agency.  Any tax obligation arising from the payments made to Employee under the Agreement will be the sole responsibility of Employee.  Employee agrees to and will indemnify, defend and hold Company harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, except for Company's withholding obligations specified herein, which may be or is asserted against or imposed upon Company by any taxing authority based upon any failure to pay any taxes due on the amounts being paid to her pursuant to this Agreement and shall pay to Company upon demand all reasonable attorney's fees and costs incurred by Company related thereto.

c.      In addition to Employee, the Complaint was also filed by Scott Lewis, Cono Marchionno, Renee Page, and Charles Fannin (collectively "Other Plaintiffs").  Each of the Other Plaintiffs has also agreed to settle his/her claim.  If any of the Other Plaintiffs either do not execute or execute and revoke within a statutorily provided revocation period a settlement agreement substantially in the form of this Agreement, this Agreement shall be void *ab initio* and Employee's claim against the Company shall proceed as if no Agreement had been signed.  Notwithstanding the foregoing, Employee and the Other Plaintiffs shall have a period of thirty days following the District Court's approval of this Agreement (as referenced in Paragraph 6 below) to execute their respective settlement agreements.

d.      Provided that Employee and each of the Other Plaintiffs has executed and not revoked a settlement agreement substantially in the form of this Agreement and that the District Court has approved this Agreement, the payments required under paragraphs 4a and 4b shall be made within eight (8) business days following the latter of: (i) the date that

2

Employee and all of the Other Plaintiffs have executed their respective settlement agreements; or (ii) the date that the District Court approves this Agreement.

      6.    The Parties shall submit this Agreement to the United States District Court for the Middle District of Georgia ("District Court") for approval in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.  If the District Court does not approve this Settlement Agreement, it and the settlement agreements for each of the Other Plaintiffs, shall be void *ab initio*.  ~~The Parties agree to, if permitted by the District Court, submit this Agreement and all accompanying documents/pleadings regarding this Agreement to the District Court informally, or if required, file the same with the Court under seal.~~

      7.    In consideration of and in return for the promises and covenants undertaken herein by the Company, and for other good and valuable consideration, receipt of which is hereby acknowledged:  Employee hereby releases and forever discharges the Company, CVS Caremark Corporation, Georgia CVS Pharmacy, L.L.C.  and each of their divisions, affiliates, subsidiaries, operating companies, and parents, past and present, and the respective officers, directors, employees, agents and affiliates of each of them, past and present (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys fees ("Claims") against the Released Parties, whether known or unknown, which Employee ever had, now has or which Employee or Employee's heirs, executors, administrators, successors or assigns may have ~~prior to the date this Agreement is signed by Employee, due to any matter whatsoever relating to Employee's employment, compensation, benefits, and/or termination of Employee's employment with the Company (collectively, the "Released Claims).  The Released Claims include, but are not limited to, any claim that any of the Released Parties violated the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, Sections 1981 through 1988 of Title 42 of the United States Code, the Employee Retirement Income Security Act, the Immigration Reform and Control Act, the Americans with Disabilities Act,~~ that are at issue in the Complaint including all Claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, ~~et seq., the Age Discrimination in Employment Act, the Family and Medical Leave Act, and/or the Occupational Safety and Health Act, all as amended; any claim of unlawful discrimination of any kind; any public policy, contract, tort, or common law claim; any claim that any of the Released Parties violated any other federal, state or local statute, law, regulation or ordinance, all as amended; and any claim for damages, costs, fees, or other expenses including attorney's fees incurred in these matters.  Notwithstanding the foregoing, this release does not release any rights Employee has to (a) defense and indemnification from the Company or its insurers for actions taken by Employee in the course and scope of Employee's employment with the Company; (b) claims, actions, or rights arising under or to enforce the terms of this Agreement; and/or (c) vested benefits under any retirement or pension plan and/or deferred compensation plan.~~ et seq. as amended including, without limitation, The Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq., as well as all state law claims relating to the alleged failure by Released Parties to pay Employee overtime and/or regular wages.

      ~~As a material inducement for Employee to enter into this Settlement Agreement, Company is not presently aware of any claims or causes of action for legal or contractual violations against Employee, including any claim for attorneys' fees.~~

3

8.    ~~The release in Paragraph 7 shall be construed in the broadest sense possible and shall be effective as a prohibition to all claims, charges, actions, suits, demands, obligations, damages, injuries, liabilities, losses, and causes of action of every character, nature, kind or description, known or unknown, and suspected or unsuspected that Employee may have against the Released Parties relating to the Released Claims.~~  Employee acknowledges that she may hereafter discover facts different from, or in addition to, those that she now knows or believes to be true and agrees the releases herein shall be and remain in effect in all respects as complete ~~and general~~ releases as to all matters released herein, notwithstanding any such different or additional facts.

9.    Employee represents that as of the date Employee signs this Agreement, Employee has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state, or local court or agency other than the Complaint.  Employee agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the Released Claims against any of the Released Parties.  Employee further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Employee may not waive a claim released by this Agreement, Employee will not accept any money damages or other relief.  Employee agrees to promptly reimburse the Company for any legal fees that the Company incurs as a result of any breach of this paragraph by Employee. ~~Nothing in this Agreement is intended to or shall interfere with Employee's right to challenge the Company's compliance with the waiver requirements of the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act or file a charge with the Equal Employment Opportunity Commission.  Moreover, nothing in this paragraph in intended to or shall interfere with Employee's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws, nor shall this Agreement prohibit Employee from cooperating with any such agency in its investigation.  Employee shall not, however, be entitled to receive any relief, recovery or monies in connection with any Released Claim brought against any of the Released Parties, regardless of who filed or initiated any such complaint, charge or proceeding.~~

10.    ~~Employee acknowledges that the Company has provided Employee with any leave to which Employee may be or may have been entitled under the Family and Medical Leave Act.  Employee represents that Employee is not aware of any facts that would support a claim by Employee against any of the Released Parties for any violation of the Family and Medical Leave Act.~~

~~11.~~    ~~Employee agrees: (1) the facts and/or terms and conditions of this Agreement; (2) any and all actions by the Released Parties taken in accordance herewith, and (3) Employee's allegations as to wrongful conduct by the Company and the Released Parties, are confidential, and shall not be disclosed, discussed or revealed by Employee to any other person or entity except Employee's spouse, attorneys, accountants, taxing authority or as required by law.  For purposes of this paragraph, "required by law" shall refer only to the circumstances where Employee has been served with a valid subpoena for testimony or documents and has thereafter been ordered by a court to comply with such subpoena or has been provided written consent to comply by the Company.  Should Employee or Employee's attorneys at any time be~~

4

~~served with a subpoena that would arguably require disclosure of any of the confidential information covered by this paragraph, then Employee or Employee's attorneys shall immediately contact Geoffrey D. DeBoskey, Sidley Austin, LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 to advise the Company of the subpoena so that the Company shall have adequate time to take those steps necessary to prevent disclosure. In the event any other person or entity asks Employee, or Employee's attorneys, about the Disputes or about any complaints relating to the Parties' association, Employee shall respond only that "the matter was resolved" and refuse to discuss any such matter further. In the event that Employee discloses to those authorized under this paragraph: (1) the facts and/or terms and conditions of this Agreement; (2) any and all actions by the Released Parties taken in accordance herewith, or (3) Employee's allegations as to wrongful conduct by the Company and the Released Parties, then they shall also tell the persons authorized that they are not authorized to disclose the information to any other person. Moreover, the Parties agree that should Employee, Employee's attorneys or Employee's accountants violate the confidentiality provisions of this Agreement, or should any other person at Employee's direction or suggestion violate the confidentiality provisions of this Agreement, then the Company would be entitled to recover its actual damages for the harm suffered by the Company. Should a suit be brought for violation of this confidentiality provision, the prevailing party shall be entitled to reasonable attorneys fees and costs.~~12.     Employee will not make any statements that disparage the business or reputation of the Company, and/or any officer, director or employee of the Company. Notwithstanding the foregoing, nothing in this Agreement shall prohibit Employee from (i) making truthful statements or disclosures that are required by applicable law, regulation or legal process; or (ii) requesting or receiving confidential legal advice. Moreover, Employee and the Company agree to direct employment verification requests to The Work Number. Upon Employee's request, the Company will provide the following information: (i) dates of employment, (ii) position(s) held, and (iii) last salary. The Company shall not disclose any additional information about Employee ~~13.~~     Employee agrees not to apply for, seek or accept employment with the Company and agrees to not apply for, seek, accept or maintain employment with any of the Company's known subsidiaries, divisions, affiliates, partners or parents, at any time on or after the Effective Date of this Agreement. Employee represents and warrants that Employee has not accepted or applied for or sought such employment. Further, Employee agrees that in the event such employment occurs in the future, this provision shall serve as adequate grounds for termination of that employment. Employee knowingly and voluntarily waives all rights Employee may have under federal and/or state law to reinstatement to Employee's employment with the Company.

~~14.~~11.  The Parties acknowledge that they are each responsible for their own attorneys' fees and costs in connection with the Disputes. Nothing in this paragraph prevents the Parties from seeking attorneys' fees and costs in seeking enforcement of this Agreement.

~~15.~~12.  This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective Parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders. ~~This provision does not extend to the federal Equal Employment Opportunity Commission except to the extent it may do so under the Federal Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990 and the regulations issued thereunder.~~

5

16.13. Employee acknowledges and confirms that Employee has entered into this Agreement of Employee's own free will, without duress or coercion. Employee acknowledges that Employee has read and fully understands the meaning and intent of this Agreement and is competent to execute it. The Company hereby advises Employee to seek the advice of legal counsel concerning this Agreement before signing this Agreement, and Employee represents that Employee has had the opportunity to do so prior to signing this Agreement.

17.14. This Agreement and the provisions contained herein shall not be construed or interpreted for or against any party hereto because that party drafted or caused that party's legal representative to draft any of its provisions.

18.15. Employee represents and warrants that she has not heretofore assigned or transferred or purported to assign or transfer to any person, firm or corporation any claim or any other matter herein released. Employee agrees to indemnify and hold the Company harmless against any claim, demand, right, damage, debt, liability, account, action, cause of action, cost or expense, including attorneys' fees actually paid or incurred, arising out of or in any way connected with any such transfer or assignment or any such purported or claimed transfer or assignment.

19.16. If any provision of this Agreement is deemed unenforceable by a court of competent jurisdiction because it is overly broad, then the court shall have the ability to modify the offending provision in order to make it enforceable. Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties. In the event that Paragraph 7 is found to be invalid, then without the payment of any additional consideration, Employee agrees to provide a valid release.

20.17. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Georgia. Any actions brought to enforce the terms of this Agreement shall be brought in a court of competent jurisdiction located in the State of Georgia.

21.18. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement.

22.19. The Company is executing this Agreement for itself and on behalf of all other related Released Parties.

23. Without limiting the scope of this Agreement in any way, Employee certifies that this Agreement constitutes a knowing and voluntary waiver of any and all rights or claims that exist or that Employee has or may claim to have under the Federal Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990, which is set forth at 29 U.S.C. §§ 621, et seq. This Agreement does not govern any rights

6

~~or claims that may arise under the Age Discrimination in Employment Act after the date this Agreement is signed by Employee.~~

~~24.   Employee has the opportunity to evaluate the terms of this Agreement for not less than 21 days prior to Employee's execution of this Agreement ("Evaluation Period"). Should Employee decide not to use the full 21 days, then Employee knowingly and voluntarily waives any claim that Employee was not given that period of time or did not use the entire 21 days to consult an attorney or consider this Agreement. Employee is advised to consult with an attorney before signing this Agreement. Employee understands and agrees that, by entering into this Agreement: (i) Employee has received consideration beyond that to which she was previously entitled; (ii) Employee has been advised to consult with an attorney before signing this Agreement; and (iii) Employee has been offered the opportunity to evaluate the terms of this Agreement for not less than the Evaluation Period. Employee understands that she may waive the Evaluation Period and elect an earlier Effective Date.~~

~~25.   Employee may revoke this Agreement at any time up to seven (7) calendar days following her signing of the Agreement, and this Agreement shall not become effective or enforceable until the revocation period has expired which is at 12:00:01 a.m. on the eighth day following her signing of this Agreement ("Effective Date"). If Employee decides to revoke this Agreement, such revocation must be in writing to Geoffrey D. DeBoskey, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 and received by him no later than the Effective Date. If Employee revokes this Agreement, she shall not be entitled to receive any aspect of the Settlement Funds.~~

~~26.~~20. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes and negates any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Employee has not relied on any representations, promises or agreements of any kind made to Employee in connection with Employee's decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. The undersigned further acknowledge that the terms of this Agreement are contractual and not a mere recital. Any modification to this Agreement must be in writing and signed by Employee and the Company.

~~27.~~21. If any party to this Agreement is required to initiate proceedings to enforce any term of this Agreement, litigate any claims released herein, or seek relief for breach of this Agreement, the prevailing Party shall be entitled to all reasonable attorneys' fees and costs expended to enforce this Agreement.

I have read the foregoing Settlement Agreement and General Release of All Claims and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

7

**PLEASE READ CAREFULLY.  THIS AGREEMENT CONTAINS A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Date: ~~September~~January __, ~~2011~~2012

_____

Martha Webb


Date: ~~September~~January __, ~~2011~~2012          CVS    Pharmacy, Inc.



_____

By:  Carolyn Wiesenhahn

8

Document comparison by Workshare Compare on Friday, January 20, 2012
2:04:13 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://NADMS/LA1/2244376/4 |
| Description | #2244376v4<LA1> - Webb Settlement Agreement |
| Document 2 ID | interwovenSite://NADMS/LA1/2365966/1 |
| Description | #2365966v1<LA1> - New Webb Settlement Agreement |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | Count |
|---|---|
| Insertions | 19 |
| Deletions | 32 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 51 |

# EXHIBIT B

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is made by and between Scott Lewis ("Employee") and CVS Pharmacy, Inc. (the "Company"). The Company and Employee will collectively be referred to as "the Parties."

1. Employee was formerly employed by Georgia CVS Pharmacy, L.L.C. In connection with that employment various disputes (the "Disputes") have arisen, including, but not limited to, the following: on or about March 16, 2011, Employee filed a civil complaint against the Company in the United States District Court for the Middle District of Georgia (Case No.: 5:11-cv-106) (the "Complaint").

2. The Parties now desire to resolve the above referenced Disputes, and all issues raised or that could have been raised therein, without the further expenditure of time or the expense of contested litigation. For these reasons, they have entered into this Agreement.

3. The Company expressly denies any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law. The Company also expressly denies any liability to Employee. This Agreement is the compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of the parties hereby released, or any of them, by whom liability is expressly denied. Accordingly, while this Agreement resolves all issues regarding the released parties referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Disputes and is not, and shall not be construed as an admission by the released parties of any violation of federal, state, or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes. Moreover, neither this Agreement nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by the released parties of any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes. Additionally, neither this Agreement nor anything in it shall be admissible in support of any argument for class certification, conditional class certification, joinder, or collective action treatment. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality if one is available.

4. In consideration of and in return for the promises and covenants undertaken and the releases given, the Company agrees to pay:

a. Employee the total sum of Eleven Thousand Five Hundred dollars ($11,500) in the form of: (i) a check for alleged unpaid wages in the gross amount of five thousand seven hundred fifty dollars ($5,750), from which all applicable taxes and deductions shall be subtracted and for which Employee shall receive a Form W-2; (ii) a check for alleged liquidated damages in the amount of five thousand seven hundred fifty dollars ($5,750) for which a Form 1099 shall issue to Employee.

b. Brownstein Nguyen & Little LLP ("Employee's counsel") the total sum of nine thousand four hundred and nine dollars and nine cents ($9,409.09) by way of a check for which a Form 1099 shall issue to Employee's counsel and Employee.

5.    The settlement checks described in Paragraphs 4a and 4b shall be transmitted to Employee's counsel within the time period specified in paragraph 5(d) below. The attorneys' fees payment set forth in 4b may be combined with the attorneys' fees payments for the Other Plaintiffs (as that phrase is defined in Paragraph 5(c) below) and transmitted in the form of a single aggregate check to Employee's counsel. Employee and Employee's counsel agree to, within five days following the Effective Date, execute and transmit to the Company's counsel a Joint Stipulation and Request for Dismissal with Prejudice of the Complaint ("Joint Stipulation") and any supporting documentation, in form reasonably satisfactory to Company's counsel. The Company's counsel shall hold the Joint Stipulation in trust and cause it to be filed with the Court only after the settlement checks described in paragraphs 4a and 4b have been delivered to Employee's counsel.

a.    The Company warrants and Employee acknowledges that the monies described in paragraphs 4a and 4b are not required to be paid by any policy or procedure of the Company and that Employee is entitled to these payments solely by virtue of the Agreement.

b.    The Parties acknowledge and agree that no portion or part of the Settlement Payment is being paid as a fine or penalty to a government agency. Any tax obligation arising from the payments made to Employee under the Agreement will be the sole responsibility of Employee. Employee agrees to and will indemnify, defend and hold Company harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, except for Company's withholding obligations specified herein, which may be or is asserted against or imposed upon Company by any taxing authority based upon any failure to pay any taxes due on the amounts being paid to him pursuant to this Agreement and shall pay to Company upon demand all reasonable attorney's fees and costs incurred by Company related thereto.

c.    In addition to Employee, the Complaint was also filed by Cono Marchionno, Charles Fannin, Renee Page, and Martha Webb (collectively "Other Plaintiffs"). Each of the Other Plaintiffs has also agreed to settle his/her claim. If any of the Other Plaintiffs either do not execute or execute and revoke within a statutorily provided revocation period a settlement agreement substantially in the form of this Agreement, this Agreement shall be void *ab initio* and Employee's claim against the Company shall proceed as if no Agreement had been signed. Notwithstanding the foregoing, Employee and the Other Plaintiffs shall have a period of thirty days following the District Court's approval of this Agreement (as referenced in Paragraph 6 below) to execute their respective settlement agreements.

d.    Provided that Employee and each of the Other Plaintiffs has executed and not revoked a settlement agreement substantially in the form of this Agreement and that the District Court has approved this Agreement, the payments required under paragraphs 4a and 4b shall be made within eight (8) business days following the latter of: (i) the date that Employee and all of the Other Plaintiffs have executed their respective settlement agreements; or (ii) the date that the District Court approves this Agreement.

6.    The Parties shall submit this Agreement to the United States District Court for the Middle District of Georgia ("District Court") for approval in accordance with the Fair

2

Labor Standards Act, 29 U.S.C. §§ 201, et seq.  If the District Court does not approve this Settlement Agreement, it and the settlement agreements for each of the Other Plaintiffs, shall be void *ab initio*.

7.     In consideration of and in return for the promises and covenants undertaken herein by the Company, and for other good and valuable consideration, receipt of which is hereby acknowledged:  Employee hereby releases and forever discharges the Company, CVS Caremark Corporation, Georgia CVS Pharmacy, L.L.C.  and each of their divisions, affiliates, subsidiaries, operating companies, and parents, past and present, and the respective officers, directors, employees, agents and affiliates of each of them, past and present (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys fees ("Claims") against the Released Parties, whether known or unknown, which Employee ever had, now has or which Employee or Employee's heirs, executors, administrators, successors or assigns may have that are at issue in the Complaint including all Claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. as amended including, without limitation, The Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq., as well as all state law claims relating to the alleged failure by Released Parties to pay Employee overtime and/or regular wages.

8.     Employee acknowledges that he may hereafter discover facts different from, or in addition to, those that he now knows or believes to be true and agrees the releases herein shall be and remain in effect in all respects as complete releases as to all matters released herein, notwithstanding any such different or additional facts.

9.     Employee represents that as of the date Employee signs this Agreement, Employee has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state, or local court or agency other than the Complaint.  Employee agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the Released Claims against any of the Released Parties.  Employee further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Employee may not waive a claim released by this Agreement, Employee will not accept any money damages or other relief.  Employee agrees to promptly reimburse the Company for any legal fees that the Company incurs as a result of any breach of this paragraph by Employee.

10.     Employee will not make any statements that disparage the business or reputation of the Company, and/or any officer, director or employee of the Company. Notwithstanding the foregoing, nothing in this Agreement shall prohibit Employee from (i) making truthful statements or disclosures that are required by applicable law, regulation or legal process; or (ii) requesting or receiving confidential legal advice.  Moreover, Employee and the Company agree to direct employment verification requests to The Work Number.  Upon Employee's request, the Company will provide the following information:  (i) dates of employment, (ii) position(s) held, and (iii) last salary.  The Company shall not disclose any additional information about Employee.  Employee agrees not to apply for, seek or accept employment with the Company and agrees to not apply for, seek, accept or maintain employment with any of the Company's known subsidiaries, divisions, affiliates, partners or parents, at any

3

time on or after the Effective Date of this Agreement. Employee represents and warrants that Employee has not accepted or applied for or sought such employment. Further, Employee agrees that in the event such employment occurs in the future, this provision shall serve as adequate grounds for termination of that employment. Employee knowingly and voluntarily waives all rights Employee may have under federal and/or state law to reinstatement to Employee's employment with the Company.

11.     The Parties acknowledge that they are each responsible for their own attorneys' fees and costs in connection with the Disputes. Nothing in this paragraph prevents the Parties from seeking attorneys' fees and costs in seeking enforcement of this Agreement.

12.     This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective Parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders.

13.     Employee acknowledges and confirms that Employee has entered into this Agreement of Employee's own free will, without duress or coercion. Employee acknowledges that Employee has read and fully understands the meaning and intent of this Agreement and is competent to execute it. The Company hereby advises Employee to seek the advice of legal counsel concerning this Agreement before signing this Agreement, and Employee represents that Employee has had the opportunity to do so prior to signing this Agreement.

14.     This Agreement and the provisions contained herein shall not be construed or interpreted for or against any party hereto because that party drafted or caused that party's legal representative to draft any of its provisions.

15.     Employee represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to any person, firm or corporation any claim or any other matter herein released. Employee agrees to indemnify and hold the Company harmless against any claim, demand, right, damage, debt, liability, account, action, cause of action, cost or expense, including attorneys' fees actually paid or incurred, arising out of or in any way connected with any such transfer or assignment or any such purported or claimed transfer or assignment.

16.     If any provision of this Agreement is deemed unenforceable by a court of competent jurisdiction because it is overly broad, then the court shall have the ability to modify the offending provision in order to make it enforceable. Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties. In the event that Paragraph 7 is found to be invalid, then without the payment of any additional consideration, Employee agrees to provide a valid release.

4

17.    This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Georgia. Any actions brought to enforce the terms of this Agreement shall be brought in a court of competent jurisdiction located in the State of Georgia.

18.    This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement.

19.    The Company is executing this Agreement for itself and on behalf of all other related Released Parties.

20.    This Agreement sets forth the entire agreement between the parties hereto and fully supersedes and negates any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Employee has not relied on any representations, promises or agreements of any kind made to Employee in connection with Employee's decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. The undersigned further acknowledge that the terms of this Agreement are contractual and not a mere recital. Any modification to this Agreement must be in writing and signed by Employee and the Company.

21.    If any party to this Agreement is required to initiate proceedings to enforce any term of this Agreement, litigate any claims released herein, or seek relief for breach of this Agreement, the prevailing Party shall be entitled to all reasonable attorneys' fees and costs expended to enforce this Agreement.

I have read the foregoing Settlement Agreement and General Release of All Claims and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY. THIS AGREEMENT CONTAINS A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Date: January 14, 2012

_____
Scott Lewis

Date: January 20, 2012                  CVS   Pharmacy, Inc.

_____
By:  Carolyn Wiesenhahn

5

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is made by and between Scott Lewis ("Employee") and CVS Pharmacy, Inc. (the "Company"). The Company and Employee will collectively be referred to as "the Parties."

1.     Employee was formerly employed by Georgia CVS Pharmacy, L.L.C. In connection with that employment various disputes (the "Disputes") have arisen, including, but not limited to, the following:  on or about March 16, 2011, Employee filed a civil complaint against the Company in the United States District Court for the Middle District of Georgia (Case No.: 5:11-cv-106) (the "Complaint").

2.     The Parties now desire to resolve the above referenced Disputes, and all issues raised or that could have been raised therein, without the further expenditure of time or the expense of contested litigation.  ~~Additionally, the Parties desire to resolve any known or unknown claims as more fully set forth below.~~  For these reasons, they have entered into this Agreement.

3.     The Company expressly denies any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law.  The Company also expressly denies any liability to Employee.  This Agreement is the compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of the parties hereby released, or any of them, by whom liability is expressly denied.  Accordingly, while this Agreement resolves all issues regarding the released parties referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Disputes and is not, and shall not be construed as an admission by the released parties of any violation of federal, state, or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes.  Moreover, neither this Agreement nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by the released parties of any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes.  Additionally, neither this Agreement nor anything in it shall be admissible in support of any argument for class certification, conditional class certification, joinder, or collective action treatment.  This Agreement may be introduced, however, in any proceeding to enforce the Agreement.  Such introduction shall be pursuant to an order protecting its confidentiality if one is available.

4.     In consideration of and in return for the promises and covenants undertaken and the releases given, the Company agrees to pay:

a.     Employee the total sum of Eleven Thousand Five Hundred dollars ($11,500) in the form of: (i) a check for alleged unpaid wages in the gross amount of five thousand seven hundred fifty dollars ($5,750), from which all applicable taxes and deductions shall be subtracted and for which Employee shall receive a Form W-2; (ii) a check for alleged liquidated damages in the amount of five thousand seven hundred fifty dollars ($5,750) for which a Form 1099 shall issue to Employee.

     b.     Brownstein Nguyen & Little LLP ("Employee's counsel") the total sum of nine thousand four hundred and nine dollars and nine cents ($9,409.09) by way of a check for which a Form 1099 shall issue to Employee's counsel and Employee.

     5.     The settlement checks described in Paragraphs 4a and 4b shall be transmitted to Employee's counsel within the time period specified in paragraph 5(d) below. The attorneys' fees payment set forth in 4b may be combined with the attorneys' fees payments for the Other Plaintiffs (as that phrase is defined in Paragraph 5(c) below) and transmitted in the form of a single aggregate check to Employee's counsel. Employee and Employee's counsel agree to, within five days following the Effective Date, execute and transmit to the Company's counsel a Joint Stipulation and Request for Dismissal with Prejudice of the Complaint ("Joint Stipulation") and any supporting documentation, in form reasonably satisfactory to Company's counsel. The Company's counsel shall hold the Joint Stipulation in trust and cause it to be filed with the Court only after the settlement checks described in paragraphs 4a and 4b have been delivered to Employee's counsel.

     a.     The Company warrants and Employee acknowledges that the monies described in paragraphs 4a and 4b are not required to be paid by any policy or procedure of the Company and that Employee is entitled to these payments solely by virtue of the Agreement.

     b.     The Parties acknowledge and agree that no portion or part of the Settlement Payment is being paid as a fine or penalty to a government agency. Any tax obligation arising from the payments made to Employee under the Agreement will be the sole responsibility of Employee. Employee agrees to and will indemnify, defend and hold Company harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, except for Company's withholding obligations specified herein, which may be or is asserted against or imposed upon Company by any taxing authority based upon any failure to pay any taxes due on the amounts being paid to him pursuant to this Agreement and shall pay to Company upon demand all reasonable attorney's fees and costs incurred by Company related thereto.

     c.     In addition to Employee, the Complaint was also filed by ~~Martha Webb,~~ Cono Marchionno, Charles Fannin, Renee Page, and ~~Charles Fannin~~ Martha Webb (collectively "Other Plaintiffs"). Each of the Other Plaintiffs has also agreed to settle his/her claim. If any of the Other Plaintiffs either do not execute or execute and revoke within a statutorily provided revocation period a settlement agreement substantially in the form of this Agreement, this Agreement shall be void *ab initio* and Employee's claim against the Company shall proceed as if no Agreement had been signed. Notwithstanding the foregoing, Employee and the Other Plaintiffs shall have a period of thirty days following the District Court's approval of this Agreement (as referenced in Paragraph 6 below) to execute their respective settlement agreements.

     d.     Provided that Employee and each of the Other Plaintiffs has executed and not revoked a settlement agreement substantially in the form of this Agreement and that the District Court has approved this Agreement, the payments required under paragraphs 4a and 4b shall be made within eight (8) business days following the latter of: (i) the date that

Employee and all of the Other Plaintiffs have executed their respective settlement agreements; or (ii) the date that the District Court approves this Agreement.

6.     The Parties shall submit this Agreement to the United States District Court for the Middle District of Georgia ("District Court") for approval in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.  If the District Court does not approve this Settlement Agreement, it and the settlement agreements for each of the Other Plaintiffs, shall be void *ab initio*.  ~~The Parties agree to, if permitted by the District Court, submit this Agreement and all accompanying documents/pleadings regarding this Agreement to the District Court informally, or if required, file the same with the Court under seal.~~

7.     In consideration of and in return for the promises and covenants undertaken herein by the Company, and for other good and valuable consideration, receipt of which is hereby acknowledged:  Employee hereby releases and forever discharges the Company, CVS Caremark Corporation, Georgia CVS Pharmacy, L.L.C.  and each of their divisions, affiliates, subsidiaries, operating companies, and parents, past and present, and the respective officers, directors, employees, agents and affiliates of each of them, past and present (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys fees ("Claims") against the Released Parties, whether known or unknown, which Employee ever had, now has or which Employee or Employee's heirs, executors, administrators, successors or assigns may have ~~prior to the date this Agreement is signed by Employee. due to any matter whatsoever relating to Employee's employment, compensation, benefits, and/or termination of Employee's employment with the Company (collectively, the "Released Claims).  The Released Claims include, but are not limited to, any claim that any of the Released Parties violated the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, Sections 1981 through 1988 of Title 42 of the United States Code, the Employee Retirement Income Security Act, the Immigration Reform and Control Act, the Americans with Disabilities Act,~~that are at issue in the Complaint including all Claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, ~~et seq., the Age Discrimination in Employment Act, the Family and Medical Leave Act, and/or the Occupational Safety and Health Act, all as amended; any claim of unlawful discrimination of any kind; any public policy, contract, tort, or common law claim; any claim that any of the Released Parties violated any other federal, state or local statute, law, regulation or ordinance, all as amended; and any claim for damages, costs, fees, or other expenses including attorney's fees incurred in these matters.  Notwithstanding the foregoing, this release does not release any rights Employee has to (a) defense and indemnification from the Company or its insurers for actions taken by Employee in the course and scope of Employee's employment with the Company; (b) claims, actions, or rights arising under or to enforce the terms of this Agreement; and/or (c) vested benefits under any retirement or pension plan and/or deferred compensation plan.~~et seq. as amended including, without limitation, The Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq. as well as all state law claims relating to the alleged failure by Released Parties to pay Employee overtime and/or regular wages.

~~As a material inducement for Employee to enter into this Settlement Agreement, Company is not presently aware of any claims or causes of action for legal or contractual violations against Employee, including any claim for attorneys' fees.~~

3

8.     ~~The release in Paragraph 7 shall be construed in the broadest sense possible and shall be effective as a prohibition to all claims, charges, actions, suits, demands, obligations, damages, injuries, liabilities, losses, and causes of action of every character, nature, kind or description, known or unknown, and suspected or unsuspected that Employee may have against the Released Parties relating to the Released Claims.~~ Employee acknowledges that he may hereafter discover facts different from, or in addition to, those that he now knows or believes to be true and agrees the releases herein shall be and remain in effect in all respects as complete ~~and general~~ releases as to all matters released herein, notwithstanding any such different or additional facts.

9.     Employee represents that as of the date Employee signs this Agreement, Employee has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state, or local court or agency other than the Complaint.  Employee agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the Released Claims against any of the Released Parties.  Employee further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Employee may not waive a claim released by this Agreement, Employee will not accept any money damages or other relief.  Employee agrees to promptly reimburse the Company for any legal fees that the Company incurs as a result of any breach of this paragraph by Employee. ~~Nothing in this Agreement is intended to or shall interfere with Employee's right to challenge the Company's compliance with the waiver requirements of the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act or file a charge with the Equal Employment Opportunity Commission.  Moreover, nothing in this paragraph is intended to or shall interfere with Employee's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws, nor shall this Agreement prohibit Employee from cooperating with any such agency in its investigation.  Employee shall not, however, be entitled to receive any relief, recovery or monies in connection with any Released Claim brought against any of the Released Parties, regardless of who filed or initiated any such complaint, charge or proceeding.~~

10.    ~~Employee acknowledges that the Company has provided Employee with any leave to which Employee may be or may have been entitled under the Family and Medical Leave Act.  Employee represents that Employee is not aware of any facts that would support a claim by Employee against any of the Released Parties for any violation of the Family and Medical Leave Act.~~

~~11.    Employee agrees: (1) the facts and/or terms and conditions of this Agreement; (2) any and all actions by the Released Parties taken in accordance herewith, and (3) Employee's allegations as to wrongful conduct by the Company and the Released Parties, are confidential, and shall not be disclosed, discussed or revealed by Employee to any other person or entity except Employee's spouse, attorneys, accountants, taxing authority or as required by law.  For purposes of this paragraph, "required by law" shall refer only to the circumstances where Employee has been served with a valid subpoena for testimony or documents and has thereafter been ordered by a court to comply with such subpoena or has been provided written consent to comply by the Company.  Should Employee or Employee's attorneys at any time be~~

4

~~served with a subpoena that would arguably require disclosure of any of the confidential information covered by this paragraph, then Employee or Employee's attorneys shall immediately contact Geoffrey D. DeBoskey, Sidley Austin, LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 to advise the Company of the subpoena so that the Company shall have adequate time to take those steps necessary to prevent disclosure.  In the event any other person or entity asks Employee, or Employee's attorneys, about the Disputes or about any complaints relating to the Parties' association, Employee shall respond only that "the matter was resolved" and refuse to discuss any such matter further.  In the event that Employee discloses to those authorized under this paragraph:  (1) the facts and/or terms and conditions of this Agreement; (2) any and all actions by the Released Parties taken in accordance herewith, or (3) Employee's allegations as to wrongful conduct by the Company and the Released Parties, then they shall also tell the persons authorized that they are not authorized to disclose the information to any other person.  Moreover, the Parties agree that should Employee, Employee's attorneys or Employee's accountants violate the confidentiality provisions of this Agreement, or should any other person at Employee's direction or suggestion violate the confidentiality provisions of this Agreement, then the Company would be entitled to recover its actual damages for the harm suffered by the Company.  Should a suit be brought for violation of this confidentiality provision, the prevailing party shall be entitled to reasonable attorneys fees and costs.12.~~        Employee will not make any statements that disparage the business or reputation of the Company, and/or any officer, director or employee of the Company.  Notwithstanding the foregoing, nothing in this Agreement shall prohibit Employee from (i) making truthful statements or disclosures that are required by applicable law, regulation or legal process; or (ii) requesting or receiving confidential legal advice.  Moreover, Employee and the Company agree to direct employment verification requests to The Work Number.  Upon Employee's request, the Company will provide the following information: (i) dates of employment, (ii) position(s) held, and (iii) last salary.  The Company shall not disclose any additional information about Employee ~~13.~~.        Employee agrees not to apply for, seek or accept employment with the Company and agrees to not apply for, seek, accept or maintain employment with any of the Company's known subsidiaries, divisions, affiliates, partners or parents, at any time on or after the Effective Date of this Agreement.  Employee represents and warrants that Employee has not accepted or applied for or sought such employment.  Further, Employee agrees that in the event such employment occurs in the future, this provision shall serve as adequate grounds for termination of that employment.  Employee knowingly and voluntarily waives all rights Employee may have under federal and/or state law to reinstatement to Employee's employment with the Company.

       ~~14.~~11.  The Parties acknowledge that they are each responsible for their own attorneys' fees and costs in connection with the Disputes.  Nothing in this paragraph prevents the Parties from seeking attorneys' fees and costs in seeking enforcement of this Agreement.

       ~~15.~~12.  This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective Parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders.  ~~This provision does not extend to the federal Equal Employment Opportunity Commission except to the extent it may do so under the Federal Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990 and the regulations issued thereunder.~~

5

16.13. Employee acknowledges and confirms that Employee has entered into this Agreement of Employee's own free will, without duress or coercion. Employee acknowledges that Employee has read and fully understands the meaning and intent of this Agreement and is competent to execute it. The Company hereby advises Employee to seek the advice of legal counsel concerning this Agreement before signing this Agreement, and Employee represents that Employee has had the opportunity to do so prior to signing this Agreement.

17.14. This Agreement and the provisions contained herein shall not be construed or interpreted for or against any party hereto because that party drafted or caused that party's legal representative to draft any of its provisions.

18.15. Employee represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to any person, firm or corporation any claim or any other matter herein released. Employee agrees to indemnify and hold the Company harmless against any claim, demand, right, damage, debt, liability, account, action, cause of action, cost or expense, including attorneys' fees actually paid or incurred, arising out of or in any way connected with any such transfer or assignment or any such purported or claimed transfer or assignment.

19.16. If any provision of this Agreement is deemed unenforceable by a court of competent jurisdiction because it is overly broad, then the court shall have the ability to modify the offending provision in order to make it enforceable. Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties. In the event that Paragraph 7 is found to be invalid, then without the payment of any additional consideration, Employee agrees to provide a valid release.

20.17. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Georgia. Any actions brought to enforce the terms of this Agreement shall be brought in a court of competent jurisdiction located in the State of Georgia.

21.18. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement.

22.19. The Company is executing this Agreement for itself and on behalf of all other related Released Parties.

23. Without limiting the scope of this Agreement in any way, Employee certifies that this Agreement constitutes a knowing and voluntary waiver of any and all rights or claims that exist or that Employee has or may claim to have under the Federal Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990, which is set forth at 29 U.S.C. §§ 621, et seq. This Agreement does not govern any rights

6

~~or claims that may arise under the Age Discrimination in Employment Act after the date this Agreement is signed by Employee.~~

~~24.    Employee has the opportunity to evaluate the terms of this Agreement for not less than 21 days prior to Employee's execution of this Agreement ("Evaluation Period"). Should Employee decide not to use the full 21 days, then Employee knowingly and voluntarily waives any claim that Employee was not given that period of time or did not use the entire 21 days to consult an attorney or consider this Agreement. Employee is advised to consult with an attorney before signing this Agreement. Employee understands and agrees that, by entering into this Agreement: (i) Employee has received consideration beyond that to which he was previously entitled; (ii) Employee has been advised to consult with an attorney before signing this Agreement; and (iii) Employee has been offered the opportunity to evaluate the terms of this Agreement for not less than the Evaluation Period. Employee understands that he may waive the Evaluation Period and elect an earlier Effective Date.~~

~~25.    Employee may revoke this Agreement at any time up to seven (7) calendar days following his signing of the Agreement, and this Agreement shall not become effective or enforceable until the revocation period has expired which is at 12:00:01 a.m. on the eighth day following his signing of this Agreement ("Effective Date"). If Employee decides to revoke this Agreement, such revocation must be in writing to Geoffrey D. DeBoskey, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 and received by him no later than the Effective Date. If Employee revokes this Agreement, he shall not be entitled to receive any aspect of the Settlement Funds.~~

~~26.~~20.  This Agreement sets forth the entire agreement between the parties hereto and fully supersedes and negates any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement.  Employee has not relied on any representations, promises or agreements of any kind made to Employee in connection with Employee's decision to accept the terms of this Agreement, except for the representations, promises and agreements herein.  The undersigned further acknowledge that the terms of this Agreement are contractual and not a mere recital.  Any modification to this Agreement must be in writing and signed by Employee and the Company.

~~27.~~21.  If any party to this Agreement is required to initiate proceedings to enforce any term of this Agreement, litigate any claims released herein, or seek relief for breach of this Agreement, the prevailing Party shall be entitled to all reasonable attorneys' fees and costs expended to enforce this Agreement.

I have read the foregoing Settlement Agreement and General Release of All Claims and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY.  THIS AGREEMENT CONTAINS A
GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Date: ~~September~~January   __, ~~2011~~2012

_____
Scott Lewis

Date: ~~September~~January   __, ~~2011~~2012         CVS    Pharmacy, Inc.

_____
By:  Carolyn Wiesenhahn

8

Document comparison by Workshare Compare on Friday, January 20, 2012
2:00:18 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://NADMS/LA1/2266663/1 |
| Description | #2266663v1<LA1> - Scott Lewis Settlement Agreement |
| Document 2 ID | interwovenSite://NADMS/LA1/2373461/1 |
| Description | #2373461v1<LA1> - New Lewis Settlement Agreement |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | Count |
|---|---|
| Insertions | 21 |
| Deletions | 34 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 55 |

# EXHIBIT C

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is made by and between Charles Fannin ("Employee") and CVS Pharmacy, Inc. (the "Company"). The Company and Employee will collectively be referred to as "the Parties."

1.      Employee was formerly employed by Georgia CVS Pharmacy, L.L.C. In connection with that employment various disputes (the "Disputes") have arisen, including, but not limited to, the following: on or about March 16, 2011, Employee filed a civil complaint against the Company in the United States District Court for the Middle District of Georgia (Case No.: 5:11-cv-106) (the "Complaint").

2.      The Parties now desire to resolve the above referenced Disputes, and all issues raised or that could have been raised therein, without the further expenditure of time or the expense of contested litigation. For these reasons, they have entered into this Agreement.

3.      The Company expressly denies any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law. The Company also expressly denies any liability to Employee. This Agreement is the compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of the parties hereby released, or any of them, by whom liability is expressly denied. Accordingly, while this Agreement resolves all issues regarding the released parties referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Disputes and is not, and shall not be construed as an admission by the released parties of any violation of federal, state, or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes. Moreover, neither this Agreement nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by the released parties of any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes. Additionally, neither this Agreement nor anything in it shall be admissible in support of any argument for class certification, conditional class certification, joinder, or collective action treatment. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality if one is available.

4.      In consideration of and in return for the promises and covenants undertaken and the releases given, the Company agrees to pay:

a.      Employee the total sum of Ten Thousand Seven Hundred Fifty dollars ($10,750.00) in the form of: (i) a check for alleged unpaid wages in the gross amount of five thousand three hundred and seventy five dollars ($5,375.00), from which all applicable taxes and deductions shall be subtracted and for which Employee shall receive a Form W-2; (ii) a check for alleged liquidated damages in the amount of five thousand three hundred and seventy five dollars ($5,375.00) for which a Form 1099 shall issue to Employee.

b.      Brownstein Nguyen & Little LLP ("Employee's counsel") the total sum of eight thousand seven hundred and ninety five dollars and forty-five cents ($8,795.45) by way of a check for which a Form 1099 shall issue to Employee's counsel and Employee.

5.      The settlement checks described in Paragraphs 4a and 4b shall be transmitted to Employee's counsel within the time period specified in paragraph 5(d) below. The attorneys' fees payment set forth in 4b may be combined with the attorneys' fees payments for the Other Plaintiffs (as that phrase is defined in Paragraph 5(c) below) and transmitted in the form of a single aggregate check to Employee's counsel. Employee and Employee's counsel agree to, within five days following the Effective Date, execute and transmit to the Company's counsel a Joint Stipulation and Request for Dismissal with Prejudice of the Complaint ("Joint Stipulation") and any supporting documentation, in form reasonably satisfactory to Company's counsel. The Company's counsel shall hold the Joint Stipulation in trust and cause it to be filed with the Court only after the settlement checks described in paragraphs 4a and 4b have been delivered to Employee's counsel.

a.      The Company warrants and Employee acknowledges that the monies described in paragraphs 4a and 4b are not required to be paid by any policy or procedure of the Company and that Employee is entitled to these payments solely by virtue of the Agreement.

b.      The Parties acknowledge and agree that no portion or part of the Settlement Payment is being paid as a fine or penalty to a government agency. Any tax obligation arising from the payments made to Employee under the Agreement will be the sole responsibility of Employee. Employee agrees to and will indemnify, defend and hold Company harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, except for Company's withholding obligations specified herein, which may be or is asserted against or imposed upon Company by any taxing authority based upon any failure to pay any taxes due on the amounts being paid to him pursuant to this Agreement and shall pay to Company upon demand all reasonable attorney's fees and costs incurred by Company related thereto.

c.      In addition to Employee, the Complaint was also filed by Scott Lewis, Martha Webb, Renee Page, and Martha Webb (collectively "Other Plaintiffs"). Each of the Other Plaintiffs has also agreed to settle his/her claim. If any of the Other Plaintiffs either do not execute or execute and revoke within a statutorily provided revocation period a settlement agreement substantially in the form of this Agreement, this Agreement shall be void *ab initio* and Employee's claim against the Company shall proceed as if no Agreement had been signed. Notwithstanding the foregoing, Employee and the Other Plaintiffs shall have a period of thirty days following the District Court's approval of this Agreement (as referenced in Paragraph 6 below) to execute their respective settlement agreements.

d.      Provided that Employee and each of the Other Plaintiffs has executed and not revoked a settlement agreement substantially in the form of this Agreement and that the District Court has approved this Agreement, the payments required under paragraphs 4a and 4b shall be made within eight (8) business days following the latter of: (i) the date that Employee and all of the Other Plaintiffs have executed their respective settlement agreements; or (ii) the date that the District Court approves this Agreement.

6.      The Parties shall submit this Agreement to the United States District Court for the Middle District of Georgia ("District Court") for approval in accordance with the Fair

2

Labor Standards Act, 29 U.S.C. §§ 201, et seq.  If the District Court does not approve this Settlement Agreement, it and the settlement agreements for each of the Other Plaintiffs, shall be void *ab initio*.

       7.    In consideration of and in return for the promises and covenants undertaken herein by the Company, and for other good and valuable consideration, receipt of which is hereby acknowledged:  Employee hereby releases and forever discharges the Company, CVS Caremark Corporation, Georgia CVS Pharmacy, L.L.C.  and each of their divisions, affiliates, subsidiaries, operating companies, and parents, past and present, and the respective officers, directors, employees, agents and affiliates of each of them, past and present (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys fees ("Claims") against the Released Parties, whether known or unknown, which Employee ever had, now has or which Employee or Employee's heirs, executors, administrators, successors or assigns may have that are at issue in the Complaint including all Claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. as amended including, without limitation, The Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq., as well as all state law claims relating to the alleged failure by Released Parties to pay Employee overtime and/or regular wages.

       8.    Employee acknowledges that he may hereafter discover facts different from, or in addition to, those that he now knows or believes to be true and agrees the releases herein shall be and remain in effect in all respects as complete releases as to all matters released herein, notwithstanding any such different or additional facts.

       9.    Employee represents that as of the date Employee signs this Agreement, Employee has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state, or local court or agency other than the Complaint.  Employee agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the Released Claims against any of the Released Parties.  Employee further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Employee may not waive a claim released by this Agreement, Employee will not accept any money damages or other relief.  Employee agrees to promptly reimburse the Company for any legal fees that the Company incurs as a result of any breach of this paragraph by Employee.

       10.    Employee will not make any statements that disparage the business or reputation of the Company, and/or any officer, director or employee of the Company. Notwithstanding the foregoing, nothing in this Agreement shall prohibit Employee from (i) making truthful statements or disclosures that are required by applicable law, regulation or legal process; or (ii) requesting or receiving confidential legal advice.  Moreover, Employee and the Company agree to direct employment verification requests to The Work Number.  Upon Employee's request, the Company will provide the following information:  (i) dates of employment, (ii) position(s) held, and (iii) last salary.  The Company shall not disclose any additional information about Employee.  Employee agrees not to apply for, seek or accept employment with the Company and agrees to not apply for, seek, accept or maintain employment with any of the Company's known subsidiaries, divisions, affiliates, partners or parents, at any

3

time on or after the Effective Date of this Agreement.  Employee represents and warrants that Employee has not accepted or applied for or sought such employment.  Further, Employee agrees that in the event such employment occurs in the future, this provision shall serve as adequate grounds for termination of that employment.  Employee knowingly and voluntarily waives all rights Employee may have under federal and/or state law to reinstatement to Employee's employment with the Company.

11.     The Parties acknowledge that they are each responsible for their own attorneys' fees and costs in connection with the Disputes.  Nothing in this paragraph prevents the Parties from seeking attorneys' fees and costs in seeking enforcement of this Agreement.

12.     This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective Parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders.

13.     Employee acknowledges and confirms that Employee has entered into this Agreement of Employee's own free will, without duress or coercion.  Employee acknowledges that Employee has read and fully understands the meaning and intent of this Agreement and is competent to execute it.  The Company hereby advises Employee to seek the advice of legal counsel concerning this Agreement before signing this Agreement, and Employee represents that Employee has had the opportunity to do so prior to signing this Agreement.

14.     This Agreement and the provisions contained herein shall not be construed or interpreted for or against any party hereto because that party drafted or caused that party's legal representative to draft any of its provisions.

15.     Employee represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to any person, firm or corporation any claim or any other matter herein released.  Employee agrees to indemnify and hold the Company harmless against any claim, demand, right, damage, debt, liability, account, action, cause of action, cost or expense, including attorneys' fees actually paid or incurred, arising out of or in any way connected with any such transfer or assignment or any such purported or claimed transfer or assignment.

16.     If any provision of this Agreement is deemed unenforceable by a court of competent jurisdiction because it is overly broad, then the court shall have the ability to modify the offending provision in order to make it enforceable.  Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties. In the event that Paragraph 7 is found to be invalid, then without the payment of any additional consideration, Employee agrees to provide a valid release.

4

17.     This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Georgia. Any actions brought to enforce the terms of this Agreement shall be brought in a court of competent jurisdiction located in the State of Georgia.

18.     This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement.

19.     The Company is executing this Agreement for itself and on behalf of all other related Released Parties.

20.     This Agreement sets forth the entire agreement between the parties hereto and fully supersedes and negates any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Employee has not relied on any representations, promises or agreements of any kind made to Employee in connection with Employee's decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. The undersigned further acknowledge that the terms of this Agreement are contractual and not a mere recital. Any modification to this Agreement must be in writing and signed by Employee and the Company.

21.     If any party to this Agreement is required to initiate proceedings to enforce any term of this Agreement, litigate any claims released herein, or seek relief for breach of this Agreement, the prevailing Party shall be entitled to all reasonable attorneys' fees and costs expended to enforce this Agreement.

I have read the foregoing Settlement Agreement and General Release of All Claims and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY. THIS AGREEMENT CONTAINS A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Date: January  13, 2012

_____
Charles Fannin

Date: January 22, 2012

CVS   Pharmacy, Inc.

_____
By: Carolyn Wiesenhahn

5

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims ("Agreement") is made by and between Charles Fannin ("Employee") and CVS Pharmacy, Inc. (the "Company"). The Company and Employee will collectively be referred to as "the Parties."

1.      Employee was formerly employed by Georgia CVS Pharmacy, L.L.C.  In connection with that employment various disputes (the "Disputes") have arisen, including, but not limited to, the following:  on or about March 16, 2011, Employee filed a civil complaint against the Company in the United States District Court for the Middle District of Georgia (Case No.: 5:11-cv-106) (the "Complaint").

2.      The Parties now desire to resolve the above referenced Disputes, and all issues raised or that could have been raised therein, without the further expenditure of time or the expense of contested litigation.  ~~Additionally, the Parties desire to resolve any known or unknown claims as more fully set forth below.~~  For these reasons, they have entered into this Agreement.

3.      The Company expressly denies any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law.  The Company also expressly denies any liability to Employee.  This Agreement is the compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of the parties hereby released, or any of them, by whom liability is expressly denied.  Accordingly, while this Agreement resolves all issues regarding the released parties referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Disputes and is not, and shall not be construed as an admission by the released parties of any violation of federal, state, or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes.  Moreover, neither this Agreement nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by the released parties of any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Disputes.  Additionally, neither this Agreement nor anything in it shall be admissible in support of any argument for class certification, conditional class certification, joinder, or collective action treatment.  This Agreement may be introduced, however, in any proceeding to enforce the Agreement.  Such introduction shall be pursuant to an order protecting its confidentiality if one is available.

4.      In consideration of and in return for the promises and covenants undertaken and the releases given, the Company agrees to pay:

a.      Employee the total sum of Ten Thousand Seven Hundred Fifty dollars ($10,750.00) in the form of: (i) a check for alleged unpaid wages in the gross amount of five thousand three hundred and seventy five dollars ($5,375.00), from which all applicable taxes and deductions shall be subtracted and for which Employee shall receive a Form W-2; (ii) a check for alleged liquidated damages in the amount of five thousand three hundred and seventy five dollars ($5,375.00) for which a Form 1099 shall issue to Employee.

b.     Brownstein Nguyen & Little LLP ("Employee's counsel") the total sum of eight thousand seven hundred and ninety five dollars and forty-five cents ($8,795.45) by way of a check for which a Form 1099 shall issue to Employee's counsel and Employee.

5.     The settlement checks described in Paragraphs 4a and 4b shall be transmitted to Employee's counsel within the time period specified in paragraph 5(d) below. The attorneys' fees payment set forth in 4b may be combined with the attorneys' fees payments for the Other Plaintiffs (as that phrase is defined in Paragraph 5(c) below) and transmitted in the form of a single aggregate check to Employee's counsel. Employee and Employee's counsel agree to, within five days following the Effective Date, execute and transmit to the Company's counsel a Joint Stipulation and Request for Dismissal with Prejudice of the Complaint ("Joint Stipulation") and any supporting documentation, in form reasonably satisfactory to Company's counsel. The Company's counsel shall hold the Joint Stipulation in trust and cause it to be filed with the Court only after the settlement checks described in paragraphs 4a and 4b have been delivered to Employee's counsel.

a.     The Company warrants and Employee acknowledges that the monies described in paragraphs 4a and 4b are not required to be paid by any policy or procedure of the Company and that Employee is entitled to these payments solely by virtue of the Agreement.

b.     The Parties acknowledge and agree that no portion or part of the Settlement Payment is being paid as a fine or penalty to a government agency. Any tax obligation arising from the payments made to Employee under the Agreement will be the sole responsibility of Employee. Employee agrees to and will indemnify, defend and hold Company harmless for any federal, state and local tax liability, including taxes, interest, penalties or the like, and required withholdings, except for Company's withholding obligations specified herein, which may be or is asserted against or imposed upon Company by any taxing authority based upon any failure to pay any taxes due on the amounts being paid to him pursuant to this Agreement and shall pay to Company upon demand all reasonable attorney's fees and costs incurred by Company related thereto.

c.     In addition to Employee, the Complaint was also filed by Scott Lewis, Martha Webb, Cono Marchionno, Renee Page, and Martha Webb (collectively "Other Plaintiffs"). Each of the Other Plaintiffs has also agreed to settle his/her claim. If any of the Other Plaintiffs either do not execute or execute and revoke within a statutorily provided revocation period a settlement agreement substantially in the form of this Agreement, this Agreement shall be void *ab initio* and Employee's claim against the Company shall proceed as if no Agreement had been signed. Notwithstanding the foregoing, Employee and the Other Plaintiffs shall have a period of thirty days following the District Court's approval of this Agreement (as referenced in Paragraph 6 below) to execute their respective settlement agreements.

d.     Provided that Employee and each of the Other Plaintiffs has executed and not revoked a settlement agreement substantially in the form of this Agreement and that the District Court has approved this Agreement, the payments required under paragraphs 4a and 4b shall be made within eight (8) business days following the latter of: (i) the date that

2

Employee and all of the Other Plaintiffs have executed their respective settlement agreements; or (ii) the date that the District Court approves this Agreement.

6.     The Parties shall submit this Agreement to the United States District Court for the Middle District of Georgia ("District Court") for approval in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.  If the District Court does not approve this Settlement Agreement, it and the settlement agreements for each of the Other Plaintiffs, shall be void *ab initio*.  ~~The Parties agree to, if permitted by the District Court, submit this Agreement and all accompanying documents/pleadings regarding this Agreement to the District Court informally, or if required, file the same with the Court under seal.~~

7.     In consideration of and in return for the promises and covenants undertaken herein by the Company, and for other good and valuable consideration, receipt of which is hereby acknowledged:  Employee hereby releases and forever discharges the Company, CVS Caremark Corporation, Georgia CVS Pharmacy, L.L.C.  and each of their divisions, affiliates, subsidiaries, operating companies, and parents, past and present, and the respective officers, directors, employees, agents and affiliates of each of them, past and present (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys fees ("Claims") against the Released Parties, whether known or unknown, which Employee ever had, now has or which Employee or Employee's heirs, executors, administrators, successors or assigns may have ~~prior to the date this Agreement is signed by Employee, due to any matter whatsoever relating to Employee's employment, compensation, benefits, and/or termination of Employee's employment with the Company (collectively, the "Released Claims).  The Released Claims include, but are not limited to, any claim that any of the Released Parties violated the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, Sections 1981 through 1988 of Title 42 of the United States Code, the Employee Retirement Income Security Act, the Immigration Reform and Control Act, the Americans with Disabilities Act.~~that are at issue in the Complaint including all Claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, ~~et seq., the Age Discrimination in Employment Act, the Family and Medical Leave Act, and/or the Occupational Safety and Health Act, all as amended; any claim of unlawful discrimination of any kind; any public policy, contract, tort, or common law claim; any claim that any of the Released Parties violated any other federal, state or local statute, law, regulation or ordinance, all as amended; and any claim for damages, costs, fees, or other expenses including attorney's fees incurred in these matters.  Notwithstanding the foregoing, this release does not release any rights Employee has to (a) defense and indemnification from the Company or its insurers for actions taken by Employee in the course and scope of Employee's employment with the Company; (b) claims, actions, or rights arising under or to enforce the terms of this Agreement; and/or (c) vested benefits under any retirement or pension plan and/or deferred compensation plan.~~et seq. as amended including, without limitation, The Portal to Portal Act of 1947, 29 U.S.C. §§ 251 et seq. as well as all state law claims relating to the alleged failure by Released Parties to pay Employee overtime and/or regular wages.

~~As a material inducement for Employee to enter into this Settlement Agreement, Company is not presently aware of any claims or causes of action for legal or contractual violations against Employee, including any claim for attorneys' fees.~~

3

8.     ~~The release in Paragraph 7 shall be construed in the broadest sense possible and shall be effective as a prohibition to all claims, charges, actions, suits, demands, obligations, damages, injuries, liabilities, losses, and causes of action of every character, nature, kind or description, known or unknown, and suspected or unsuspected that Employee may have against the Released Parties relating to the Released Claims.~~ Employee acknowledges that he may hereafter discover facts different from, or in addition to, those that he now knows or believes to be true and agrees the releases herein shall be and remain in effect in all respects as complete ~~and general~~ releases as to all matters released herein, notwithstanding any such different or additional facts.

9.     Employee represents that as of the date Employee signs this Agreement, Employee has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state, or local court or agency other than the Complaint.  Employee agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the Released Claims against any of the Released Parties.  Employee further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Employee may not waive a claim released by this Agreement, Employee will not accept any money damages or other relief.  Employee agrees to promptly reimburse the Company for any legal fees that the Company incurs as a result of any breach of this paragraph by Employee. ~~Nothing in this Agreement is intended to or shall interfere with Employee's right to challenge the Company's compliance with the waiver requirements of the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act or file a charge with the Equal Employment Opportunity Commission.  Moreover, nothing in this paragraph in intended to or shall interfere with Employee's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws, nor shall this Agreement prohibit Employee from cooperating with any such agency in its investigation.  Employee shall not, however, be entitled to receive any relief, recovery or monies in connection with any Released Claim brought against any of the Released Parties, regardless of who filed or initiated any such complaint, charge or proceeding.~~

10.    ~~Employee acknowledges that the Company has provided Employee with any leave to which Employee may be or may have been entitled under the Family and Medical Leave Act.  Employee represents that Employee is not aware of any facts that would support a claim by Employee against any of the Released Parties for any violation of the Family and Medical Leave Act.~~

11.    ~~Employee agrees: (1) the facts and/or terms and conditions of this Agreement; (2) any and all actions by the Released Parties taken in accordance herewith, and (3) Employee's allegations as to wrongful conduct by the Company and the Released Parties, are confidential, and shall not be disclosed, discussed or revealed by Employee to any other person or entity except Employee's spouse, attorneys, accountants, taxing authority or as required by law.  For purposes of this paragraph, "required by law" shall refer only to the circumstances where Employee has been served with a valid subpoena for testimony or documents and has thereafter been ordered by a court to comply with such subpoena or has been provided written consent to comply by the Company.  Should Employee or Employee's attorneys at any time be~~

4

~~served with a subpoena that would arguably require disclosure of any of the confidential information covered by this paragraph, then Employee or Employee's attorneys shall immediately contact Geoffrey D. DeBoskey, Sidley Austin, LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 to advise the Company of the subpoena so that the Company shall have adequate time to take those steps necessary to prevent disclosure.  In the event any other person or entity asks Employee, or Employee's attorneys, about the Disputes or about any complaints relating to the Parties' association, Employee shall respond only that "the matter was resolved" and refuse to discuss any such matter further.  In the event that Employee discloses to those authorized under this paragraph:  (1) the facts and/or terms and conditions of this Agreement; (2) any and all actions by the Released Parties taken in accordance herewith, or (3) Employee's allegations as to wrongful conduct by the Company and the Released Parties, then they shall also tell the persons authorized that they are not authorized to disclose the information to any other person.  Moreover, the Parties agree that should Employee, Employee's attorneys or Employee's accountants violate the confidentiality provisions of this Agreement, or should any other person at Employee's direction or suggestion violate the confidentiality provisions of this Agreement, then the Company would be entitled to recover its actual damages for the harm suffered by the Company.  Should a suit be brought for violation of this confidentiality provision, the prevailing party shall be entitled to reasonable attorneys fees and costs.12.~~     Employee will not make any statements that disparage the business or reputation of the Company, and/or any officer, director or employee of the Company.  Notwithstanding the foregoing, nothing in this Agreement shall prohibit Employee from (i) making truthful statements or disclosures that are required by applicable law, regulation or legal process; or (ii) requesting or receiving confidential legal advice.  Moreover, Employee and the Company agree to direct employment verification requests to The Work Number.  Upon Employee's request, the Company will provide the following information:  (i) dates of employment, (ii) position(s) held, and (iii) last salary.  The Company shall not disclose any additional information about Employee

~~13.~~13.     Employee agrees not to apply for, seek or accept employment with the Company and agrees to not apply for, seek, accept or maintain employment with any of the Company's known subsidiaries, divisions, affiliates, partners or parents, at any time on or after the Effective Date of this Agreement.  Employee represents and warrants that Employee has not accepted or applied for or sought such employment.  Further, Employee agrees that in the event such employment occurs in the future, this provision shall serve as adequate grounds for termination of that employment.  Employee knowingly and voluntarily waives all rights Employee may have under federal and/or state law to reinstatement to Employee's employment with the Company.

~~14.~~11.  The Parties acknowledge that they are each responsible for their own attorneys' fees and costs in connection with the Disputes.  Nothing in this paragraph prevents the Parties from seeking attorneys' fees and costs in seeking enforcement of this Agreement.

~~15.~~12.  This Agreement and all covenants and releases set forth herein shall be binding upon and shall inure to the benefit of the respective Parties hereto, their legal successors, heirs, assigns, partners, representatives, parent companies, subsidiary companies, agents, attorneys, officers, employees, directors and shareholders.  ~~This provision does not extend to the federal Equal Employment Opportunity Commission except to the extent it may do so under the Federal Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990 and the regulations issued thereunder.~~

5

16.13. Employee acknowledges and confirms that Employee has entered into this Agreement of Employee's own free will, without duress or coercion. Employee acknowledges that Employee has read and fully understands the meaning and intent of this Agreement and is competent to execute it. The Company hereby advises Employee to seek the advice of legal counsel concerning this Agreement before signing this Agreement, and Employee represents that Employee has had the opportunity to do so prior to signing this Agreement.

17.14. This Agreement and the provisions contained herein shall not be construed or interpreted for or against any party hereto because that party drafted or caused that party's legal representative to draft any of its provisions.

18.15. Employee represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to any person, firm or corporation any claim or any other matter herein released. Employee agrees to indemnify and hold the Company harmless against any claim, demand, right, damage, debt, liability, account, action, cause of action, cost or expense, including attorneys' fees actually paid or incurred, arising out of or in any way connected with any such transfer or assignment or any such purported or claimed transfer or assignment.

19.16. If any provision of this Agreement is deemed unenforceable by a court of competent jurisdiction because it is overly broad, then the court shall have the ability to modify the offending provision in order to make it enforceable. Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties. In the event that Paragraph 7 is found to be invalid, then without the payment of any additional consideration, Employee agrees to provide a valid release.

20.17. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Georgia. Any actions brought to enforce the terms of this Agreement shall be brought in a court of competent jurisdiction located in the State of Georgia.

21.18. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same Agreement.

22.19. The Company is executing this Agreement for itself and on behalf of all other related Released Parties.

23. Without limiting the scope of this Agreement in any way, Employee certifies that this Agreement constitutes a knowing and voluntary waiver of any and all rights or claims that exist or that Employee has or may claim to have under the Federal Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990, which is set forth at 29 U.S.C. §§ 621, et seq. This Agreement does not govern any rights

~~or claims that may arise under the Age Discrimination in Employment Act after the date this Agreement is signed by Employee.~~

~~24.    Employee has the opportunity to evaluate the terms of this Agreement for not less than 21 days prior to Employee's execution of this Agreement ("Evaluation Period"). Should Employee decide not to use the full 21 days, then Employee knowingly and voluntarily waives any claim that Employee was not given that period of time or did not use the entire 21 days to consult an attorney or consider this Agreement. Employee is advised to consult with an attorney before signing this Agreement. Employee understands and agrees that, by entering into this Agreement: (i) Employee has received consideration beyond that to which he was previously entitled; (ii) Employee has been advised to consult with an attorney before signing this Agreement; and (iii) Employee has been offered the opportunity to evaluate the terms of this Agreement for not less than the Evaluation Period. Employee understands that he may waive the Evaluation Period and elect an earlier Effective Date.~~

~~25.    Employee may revoke this Agreement at any time up to seven (7) calendar days following his signing of the Agreement, and this Agreement shall not become effective or enforceable until the revocation period has expired which is at 12:00:01 a.m. on the eighth day following his signing of this Agreement ("Effective Date"). If Employee decides to revoke this Agreement, such revocation must be in writing to Geoffrey D. DeBoskey, Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, California 90013 and received by him no later than the Effective Date. If Employee revokes this Agreement, he shall not be entitled to receive any aspect of the Settlement Funds.~~

~~26.~~20.  This Agreement sets forth the entire agreement between the parties hereto and fully supersedes and negates any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Employee has not relied on any representations, promises or agreements of any kind made to Employee in connection with Employee's decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. The undersigned further acknowledge that the terms of this Agreement are contractual and not a mere recital. Any modification to this Agreement must be in writing and signed by Employee and the Company.

~~27.~~21.  If any party to this Agreement is required to initiate proceedings to enforce any term of this Agreement, litigate any claims released herein, or seek relief for breach of this Agreement, the prevailing Party shall be entitled to all reasonable attorneys' fees and costs expended to enforce this Agreement.

I have read the foregoing Settlement Agreement and General Release of All Claims and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

**PLEASE READ CAREFULLY.  THIS AGREEMENT CONTAINS A
GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Date:  ~~September~~January  __, ~~2011~~2012

_____
Charles Fannin

Date:  ~~September~~January  __, ~~2011~~2012          CVS   Pharmacy, Inc.

                                          _____
                                          By:  Carolyn Wiesenhahn

8

Document comparison by Workshare Compare on Friday, January 20, 2012 2:01:11 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://NADMS/LA1/2266664/1 |
| Description | #2266664v1<LA1> - Charles Fannin Settlement Agreement |
| Document 2 ID | interwovenSite://NADMS/LA1/2373460/1 |
| Description | #2373460v1<LA1> - New Fannin Settlement Agreement |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 20 |
| Deletions | 33 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 53 |