IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTHA WEBB, SCOTT LEWIS, CHARLES FANNIN, CONO MARCHIONNO, and RENEE PAGE., | : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | 5:11-CV-106 (CAR) |
| CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and GEORGIA CVS PHARMACY, L.L.C., | : : : : | |
| Defendants. | : : | |

*ORDER GRANTING MOTION TO APPROVE FLSA SETTLEMENT &
APPROVING ATTORNEYS' FEES*

Currently before the Court are the parties' joint Motion to Approve Settlement Agreement and for Dismissal with Prejudice [Doc. 31] and Plaintiffs' request to approve the negotiated amount of attorneys' fees. As explained below, the Court **GRANTS** the parties' Motion, approves the negotiated amount of attorneys' fees, and hereby DISMISSES this case with prejudice.

Plaintiffs Martha Webb, Scott Lewis, Charles Fannin, Cono Marchionno, and Renee Page, former employees of CVS, filed suit against Defendants seeking to recover unpaid overtime compensation allegedly withheld from them by

1

Defendants in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The parties have now agreed to settle the claims and are seeking judicial approval of the settlement agreements as required by <u>Lynn's Food Stores, Inc. v. United States,</u> 679 F.2d 1350, 1352 (11th Cir. 1982).

In accordance with the Court's prior Order [Doc. 29] denying Defendants' request to seal the settlement agreements, the parties have filed the settlement agreements on the record. Moreover, in accordance with the Court's prior Order, the parties have modified the terms of the settlement agreements striking the confidentiality language and amending the release clauses.

*<u>Motion to Approve the Settlement Agreements</u>*

In reviewing a settlement of a FLSA private claim, this Court must "scrutinize[] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." <u>Lynn's Food Stores</u>, 679 F.2d at 1353, 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation." <u>Id.</u> at 1354.

Here, there are bona fide disputes over FLSA provisions, namely FLSA

coverage and the amount of backpay each Plaintiff is entitled to receive. Having reviewed the settlement agreements, the Court concludes that the settlement terms in each of the agreements are fair and reasonable resolutions of the bona fide disputes. Thus, the Court **GRANTS** the Motion to Approve Settlement Agreements and for Dismissal with Prejudice.

*Attorney's Fees*

Judicial scrutiny of FLSA settlements encompasses not only the amounts paid to employees to resolve their FLSA claims, but also the amount for attorney's fees paid pursuant to those settlements. See Siva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. Thus, this Court must review the negotiated amount of attorneys' fees to be paid to Plaintiff pursuant to the settlement agreements for reasonableness.

The law provides that "[a] request for attorney's fees should not result in a second major litigation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal quotation marks and citation omitted).

3

It is "perfectly proper to award attorney's fees based solely on affidavits in the record." Id. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with our without the aid of witnesses." Id. (internal quotation marks and citation omitted).

In calculating a reasonable attorney's fee award, the Court must determine the "lodestar," wherein the Court considers the number of hours "reasonably expended" on this litigation multiplied by a "reasonable hourly rate." Id. at 1302. Under the settlement agreements in this case, Plaintiffs' attorneys will receive a total of $45,000.00 for approximately 171 hours of work expended, which amounts to a rate of $300.00 per hour.

First, the Court must evaluate Plaintiffs' requested fee in terms of the appropriate hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. Here, Plaintiffs request an hourly rate of $300.00. Plaintiffs' attorneys have submitted affidavits attesting to the reasonableness of this request. Having considered and weighed

4

the evidence, counsels' reputations and experience in the areas of the applicable law, and the Court's familiarity with FLSA litigation and attorneys' fees in general, the Court finds that the hourly rate of $300 is reasonable and should be awarded in this case.

Next, this Court must evaluate Plaintiffs' requested fee for reasonableness in terms of the total number of hours expended by counsel.  Plaintiffs' counsel request an award for approximately 171 hours expended in this litigation. Having considered and weighed the evidence, including counsels' considerable time spent researching and analyzing the complex overtime exemption issues this case presented, extensive review of the time records of the five Plaintiffs, the collection of factual details from the five Plaintiffs regarding their job duties, and review of the applicable federal regulations, this Court finds the hours spent on this case to be reasonable.  Plaintiffs' attorneys have avoided duplication of work, and each lawyer has provided distinct and necessary contributions in their representation of Plaintiffs. Both attorneys fervently aver "without hesitation that all time they have spent in this matter has been, in their best professional judgment, necessary to effectively and responsibly represent Plaintiffs' interest." Additionally, Defendants have no objection to the number of hours Plaintiffs' counsel spent litigating this case.  Finally, both attorneys aver that the settlement

agreements set forth all terms of the proposed settlement, and there is no "side deal" or "secret settlement."  Thus, this Court finds that the attorneys' fees to be paid under the settlement agreements are reasonable and did not taint the amount that Plaintiffs agreed to accept in settlement of their FLSA claims.

The settlement agreements also provide for the reimbursement of Plaintiffs' litigation costs.  The Court finds these costs are reasonable and should be approved pursuant to 29 U.S.C. § 216(b).

## CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** the parties' Joint Motion to Approve Settlement and for Dismissal with Prejudice [Doc. 31] and approves the negotiated amount of attorneys' fees to be paid to Plaintiffs' counsel and reimbursement for litigation costs, as specified in the settlement agreements.  This case is hereby DISMISSED with prejudice.

**SO ORDERED** this 6th day of February, 2012.

<u>S/ C. Ashley Royal</u>
C. Ashley Royal
United States District Judge

SSH